**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CRAIG A. WASHINGTON, et al.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Case: 1:23-cv-00526-RP** |
| **THE STATE BAR OF TEXAS;** | § | |
| **ITS BOARD OF DIRECTORS;** | § | |
| **THE COMMISSION ON LAWYER** | § | |
| **DISCIPLINE; JUDITH DEBERRY;** | § | |
| **TANYA GALLINGER;** | § | |
| **AND GEORGE GALLAGHER** | § | |
| *Defendants.* | § | |

**DEFENDANTS COMMISSION FOR LAWYER DISCIPLINE AND TANYA
GALINGER'S MOTION TO DISMISS PLAINTIFF'S ORIGINALCOMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Defendants Commission for Lawyer Discipline and Tanya Galinger, by and through the Office of the Chief Disciplinary Counsel, move for dismissal on all claims brought against them by Plaintiff Craig A. Washington ("Plaintiff") in his Original Complaint, Request for Jury Trial, and Request for Class Certification, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). In support of their motion, Defendants respectfully offer the following.

I.      **Introduction**

Plaintiff filed his Original Complaint on or about May 15, 2023. Plaintiff claims that he brings this action as a Federal question under "the Civil Rights Act of 1870; 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1994; and 18 Statues at Large 335," as well as "28 U.S.C § 1367," and "the Class Action

Fairness Act, 28 U.S.C. § 1332(d)."[1] Plaintiff seeks monetary damages, declaratory and injunctive relief.[2] Defendants hereafter submit this motion.

## II.    Background

Plaintiff was first licensed to practice law in the State of Texas in December of 1969.[3] Throughout his career, Plaintiff has received numerous public disciplinary sanctions and is therefore familiar with the disciplinary process, procedures, and rules.[4]

Plaintiff received his first public disciplinary sanction in the form of a Public Reprimand in September 1993, for violating Texas Disciplinary Rules DR1-102(A)(5) – engaging in conduct that is prejudicial to the administration of justice, DR6-101(A)(2)(3) – handling a legal matter without preparing adequately in the circumstances, and DR7-101(A)(1)(2) – failing to carry out a contract of employment entered into with a client for professional services.[5] Plaintiff received his second public disciplinary sanction in the form of an Agreed Judgment of Public Reprimand in February 2011, for violating Texas Rules of Professional Conduct 1.03(a) – failing to adequately communicate with the client and 1.04(d) – improperly entering into a contingent fee agreement.[6] Plaintiff received his third public disciplinary sanction in February 2014, in the form of a Public Reprimand for violating rules 1.04(f)(2) – engaging in a prohibited fee sharing arrangement, 1.14(a) – failing to hold client funds separate from the lawyer's own property, 1.15(d) – failing to return a client's property following

---

[1] DE 1 at 2.
[2] DE 1 at 6-7.
[3] DE 1 at 3.
[4] *See Generally State Bar of Texas – Find a Lawyer,* (June 12, 2023)
https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=191135
[5] *Id., See also* Tex. Disciplinary Rules Prof'l Conduct R. DR1-102(A)(5), DR6-101(A)(2)(3), & DR7-101(A)(1)(2) (rev. 1979) *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013)(Tex. State Bar R. art. X, §9).
[6] *Id., See also* Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a) & 1.04(d) (rev. 2009).

termination of the representation, and 8.04(a)(1) – violating the disciplinary rules.[7] Plaintiff received his fourth public discipline in the form of a Partially Probated Suspension in January 2015 for violating rules 1.01(b)(1) – neglecting a client's matter, 1.03(a) – failing to adequately communicate with a client, 1.15(d) – failing to return a client's property following termination of representation, 8.04(a)(3) – engaging in dishonesty, fraud, misrepresentation, or deceit.[8] Subsequently, for failing to comply with the contingent terms of his 2015 probation, the probationary period of Plaintiff's judgment was revoked in December of 2017, and Respondent was ordered to remain actively suspended through December of 2020. Plaintiff received his fifth public disciplinary sanction in July 2019 in the form of a Partially Probated Suspension for violating rules 1.01(b)(1) – neglecting a client's matter, 1.03(a) – failing to adequately communicate with a client, and 1.15(d) – failing to return unearned fees.[9]

## III.    Arguments and Authorities

### A.  Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)

The Eleventh Amendment deprives this Court of subject-matter jurisdiction over all of Plaintiff's claims against the Commission and against DeBerry and Galinger in their official capacities. Likewise, *res judicata* deprives this Court of subject-matter jurisdiction over Plaintiff's state-law claim against Defendants asserting a right to have a jury determine his sanction in a disciplinary matter under the Texas Constitution.

### i.   Standard of dismissal

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to

---

[7] *Id.*, *See also* Tex. Disciplinary Rules Prof'l Conduct R. 1.04(f)(2), 1.14(a), 1.15(d), & 8.04(a)(1) (rev. 2014).

[8] *Id.*, *See also* Tex. Disciplinary Rules Prof'l Conduct R. 1.04(f)(2), 1.14(a), 1.15(d), & 8.04(a)(1) (rev. 2014).

[9] *Id.*, *See also* Tex. Disciplinary Rules Prof'l Conduct R. 1.01(b)(1), 1.03(a), & 1.15(d) (rev. 2019).

entertain his or her claims.[10] It is presumed that a cause of action lies outside this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction.[11] The Court is required to accept as true all of the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1).[12] However, Rule 12(b)(1) requires dismissal of a complaint if the Court "lack[s]…jurisdiction over the subject matter…"[13]

  ii. *The Eleventh Amendment bars Plaintiff's claims against the Commission and all official-capacity claims against DeBerry and Galinger.*

   Generally, the Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state.[14] A plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity for damages because such a suit would pose a claim against the state treasury absent a waiver of sovereign immunity.[15] Plaintiff cites no such waiver.

   Plaintiff sues the Commission along with two of its employees, DeBerry and Galinger, who, in their official capacities, represented the Commission as Assistant Disciplinary Counsel and Legal Secretary, respectively, in Plaintiff's underlying disciplinary matter. "The Commission is a standing committee of the State Bar."[16] Both Texas courts and the Fifth Circuit Court of Appeals "have concluded that the State Bar of Texas and its committees and divisions are state agencies for purposes

---

[10] *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007).

[11] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[12] *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)

[13] Fed. R. Civ. P. 12(b)(1), *Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987) (citations omitted)

[14] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[15] *Green*, 27 F.3d at 1087. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)).

[16] Tex. Gov't Code Ann. § 81.076(b).

of Eleventh Amendment immunity."[17] Therefore, the Commission and Galinger, are each entitled to Eleventh Amendment Immunity.

Though *Ex Parte Young*[18] carved an exception into Eleventh Amendment immunity for declaratory or injunctive relief against ongoing or threatened violations of federal law, the Eleventh Amendment otherwise leaves federal courts without jurisdiction to entertain suits directed against states.[19] Only an express, unambiguous declaration of waiver can waive the immunity provided by the Eleventh Amendment.[20] No such waiver exists in this matter. Because Plaintiff only sues for past—not threatened or ongoing—violations of his civil rights, his claims do not fall within the *Ex Parte Young* exception. As such, Washington's official-capacity claims against Galinger are barred in their entirety.

   iii.   *Res judicata precludes this Court from considering whether Plaintiff's right to a jury trial under the Texas Constitution was violated when the trial court denied his request for a jury to determine his sanction.*

"The Supreme Court has held that 'under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'"[21] "To determine the preclusive effect of a state court judgment, federal courts apply the preclusion rules of the state whose court issued the judgment."[22] "In Texas, in order to show that a judgment has claim

---

[17] *See e.g.*, *Cantu v. Comm'n for Law. Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at *2 (W.D. Tex. June 1, 2017) (citing *Bishop v. State Bar of Tex*as, 791 F.2d 435 (5th Cir. 1986); *Hensler v. Dist. Four Grievance Comm. of the State Bar of Tex.*, 790 F.2d 390 (5th Cir. 1986); *Gilbert v. Perry*, 302 F. App'x 320 (5th Cir. 2008) (per curiam); *Martin v. State Bar of Texas*, 2013 WL 3283729 (N.D. Tex. June 28, 2013); *Leuvano v. State Bar of Texas*, 2011 WL 334291 (S.D. Ill. Jan. 29, 2011); *Fred v. State Bar of Texas*, 1999 WL 68643 (N.D. Tex. Feb. 5, 1999)).
[18] *Ex Parte Young*, 209 U.S. 123 (1908).
[19] *Id.*; *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994).
[20] *Welch v. Tex. Dep't of Highways and Public Transp.*, 483 U.S. 468, 473-474 (1987); Hans, 134 U.S. at 16-17.
[21] *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)).
[22] Texas v. Am. Tobacco Co., 441 F. Supp. 3d 397, 426 (E.D. Tex. 2020) (citing *Shimon*, 565 F.3d at 199.

preclusive effect, Defendant must show: (1) there was a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them exists between the two actions; and (3) the second action is based on the same claims as were raised or could have been raised in the first action."[23]

Plaintiff has fully litigated and lost his state-law claim—at trial and on appeal—against the Commission for violating his right to have a jury determine his sanction under the Texas Constitution.[24] In *Washington v. Commission for Lawyer Discipline*, the Third Court of Appeals considered this issue and recognized that under well-established Texas law, "[t]he Texas Rules of Disciplinary Procedure govern the attorney-disciplinary process and are to be treated as statutes.[25] Using state-law rules of statutory construction, the *Washington* Court held: "[g]iven the plain language in the applicable rules—namely that 'the court shall determine the appropriate [sanctions] to be imposed' and that the trial court 'shall consider' several factors 'in determining the appropriate [s]anctions'—we conclude that the rules assign the task of imposing sanctions to the trial court, not the jury, in attorney-disciplinary proceedings."[26] The Third Court of Appeals affirmed the trial court's dismissal of Plaintiff's suit and the Texas Supreme Court denied Plaintiff's petition for review in March of 2017. Consequently, *res judicata* bars this Court from entertaining Plaintiff's attempt to change the outcome of the trial court's decision.

---

[23] *Rodriguez v. Ysleta Indep. Sch. Dist.*, No. EP-05-CV-0112-FM, 2006 WL 1544604, at *4 (W.D. Tex. May 30, 2006), aff'd, 217 F. App'x 294 (5th Cir. 2007) (citing *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996)).

[24] *See Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *9 (Tex. App.—Austin Mar. 17, 2017, pet. denied).

[25] Washington, 2017 WL 1046260, at *9 (citing Tex. R. Disciplinary P. 1.02; *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); and, *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988)).

[26] *Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *10 (Tex. App.—Austin Mar. 17, 2017, pet. denied). *Accord In re Caballero*, 441 S.W.3d 562, 570 (Tex. App.—El Paso 2014, no pet.) (finding "[w]hat is unmistakenly clear, and highly significant, is that when a respondent attorney elects a jury trial, the jury may only render a verdict on whether the attorney has committed acts of misconduct. The jury is not permitted to determine sanctions.").

**B. Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)**

Plaintiff asserts claims under the Seventh Amendment and Texas Constitution against Defendants Galinger for violating his right to a fair trial;[27] Due Process claims under the Fourteenth Amendment and the Texas Constitution against all defendants for "establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations;"[28] and, liberally construed, an Equal Protection claim against unspecified defendant(s) for "a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. § 1983." Yet, even construed broadly, the bare assertions and conclusory statements comprising Plaintiff's complaint fail to state a claim for which relief can be granted.

*i.   Standard of Review*

A party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When presented with a motion to dismiss for failure to state a claim, district courts should first separate the legal elements of the claim, then determine whether the alleged facts demonstrate a plausible claim for relief.[29]  Though all well-pled facts are viewed as true, to survive a motion to dismiss, those facts must state a claim for relief that is "plausible on its face."[30] District courts may disregard mere labels and legal conclusions.[31] A complaint also doesn't suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[32] "Threadbare recitations of the elements of a cause of action supported by mere conclusory statements do not

---

[27] *See* DE 2 at 6 para 37(expressly naming DeBerry), *and* at 4 paras 25-26 (alleging facts implicating Galinger).
[28] DE 2 a 5 para 33.
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *accord*, FED. R. CIV. P. 8(a)(2) (requiring a short and plain statement showing that the pleader is entitled to relief).
[30] *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)).
[31] *Id.* at 663-64.
[32] *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 555, 557).

suffice."[33] "Dismissal is proper where the complaint does not contain enough factual allegations to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief."[34] In this case, Plaintiff has not met his burden to state any facts that would entitle him to relief.

    ii.   *Plaintiff assertions do not constitute a cognizable equal protection claim under 42 U.S.C. §1983.*

        To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."[35] Because vicarious liability is inapplicable in § 1983 suits, the plaintiff must show "that each Government-official defendant, through his own individual actions, has violated the Constitution."[36] "Personal involvement is an essential element of a civil rights cause of action."[37] The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory."[38] "[T]here must be an affirmative link between the incident and some act by the defendant."[39]

        As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not

---

[33] *Id.*

[34] *Bell Atlantic Corp.*, 550 U.S. at 555.

[35] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000)).

[36] *Iqbal*, 129 S. Ct. at 1949.

[37] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[38] *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992).

[39] *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

'show[n]' – 'that the pleader is entitled to relief.'"[40] This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[41] As Plaintiff has confined his claims to actions undertaken during an attorney-disciplinary matter, Defendants do not dispute whether they acted under the color of state law.[42]

Plaintiff alleges that,

> "[t]he conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983 and others which provides a cause of action and waiver of immunity. Such conduct deprives the individual defendants of official immunity since the conduct was deliberate, willful, and clearly unlawful at the time."[43]

Plaintiff also states in his complaint,

> Plaintiff has been frequently subjected to Defendant's usurping authority not granted to them by the State Bar of Act and endeavoring to govern alleged acts of misfeasance or malfeasance under the guise of ethical violations. Defendants have violated Amendment VII to the U.S. Constitution and the Right to a Jury Trial in all Civil Cases under The Texas Constitution. Defendants have violated the Due Process Clauses of the both The U.S. and Texas Constitutions by establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations.[44]

Aside from these generalized statements, Plaintiff points to no specific facts that would support showing any defendant violated his rights. Accordingly, Plaintiff's claims should be dismissed.

---

[40] *Iqbal*, 129 S. Ct. at 1949.

[41] *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

[42] Defendant Galinger is listed in Plaintiff's complaint as an attorney employee of the State Bar. Defendant Galinger is not in fact an attorney. For clarification purposes, Defendant Galinger has been a legal secretary with the Office of the Chief Disciplinary Counsel's office for 20 years and has never been an attorney.

[43] DE 1 at 3

[44] *Id.*

*iii.   Fair Trial Claims*

Plaintiff asserts that DeBerry violated his federal and state rights to a fair trial relating to his 2017 Suspension, by "knowingly suborning perjury from two of the [State Bar of Texas's] witnesses." He also alleges Galinger was involved in same.[45] Presumably, the witnesses Plaintiff describes are the same as those that Washington claims Galinger referenced when she purportedly stated: "they were very late getting here and we didn't have time to prep them!"[46] Regardless, Plaintiff's illogical representations of the "trial" of his 2017 disciplinary matter lacks the "further factual enhancement" necessary to raise his claim beyond a merely speculative entitlement to relief.[47] Plaintiff's claim against Galinger are not plausible on their face and should be dismissed.

*iv.   Due Process Claims*

Plaintiff offers no context or support for his bald assertion that Defendants violated his federal and state Due Process rights. Plaintiff points to no Texas statute or agency rule nor alleges any act or omission by any defendant evincing the "establish[ment] of a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations."[48] Moreover, Plaintiff does not and cannot show the Commission or Galinger has any authority to determine or impose disciplinary sanctions on attorneys found guilty for violating the Texas Disciplinary Rules of Professional Conduct or, as Plaintiff describes, any other "alleged acts of misfeasance or malfeasance under the guise of ethical violations."[49] Under the Texas Rules of Disciplinary Procedure, when an attorney-respondent elects to have a trial in District Court on the allegations against him, as did

---

[45] DE 1 at 6.
[46] *Id.* at 4 para 26.
[47] *See e.g.*, *Bell Atlantic Corp.*, 550 U.S. at 555, 557
[48] DE 1 at 5 para 33.
[49] *Id.* at 5 para 31.

Plaintiff, the Court—not the Commission or its employees—determines the appropriate sanction.[50] For these reasons, Plaintiff's conclusory due process claims should be dismissed as frivolous.

       *v.*    *Equal Protection Claim*

Finally, Plaintiff asserts "[t]he conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. § 1983."[51] However, Plaintiff does not make a formal claim for relief on this basis. Beyond this bare hyperbole, Plaintiff fails to identify any defendant responsible for a "general policy" or make any related allegation against the Commission or Galinger. Plaintiff does not identify any policy at all or describe any statement or course of conduct that could be taken as policy. Nothing in Plaintiff's Complaint can be remotely construed as showing a policy of unlawful discrimination or any conduct by any defendant as unlawfully discriminatory. For these reasons, to the extent Plaintiff intends to maintain an Equal Protection claim, it should be dismissed.

       *vi.*    *Defendants Commission for Lawyer Discipline and Galinger are entitled to Official Immunity*

To the extent that Plaintiff makes any claims against any State Bar of Texas employee in their individual capacity, his claim is barred by official immunity. Under state law, government officials are entitled to official immunity from suit arising out of their performance of their (1) discretionary duties in (2) in good faith (3) and within the scope of their authority.[52] If an action involves personal deliberation, decision, and judgment, it is discretionary.[53] An official acts in good faith if a reasonably prudent official could have believed his or her conduct to be lawful in light of clearly established law and the information known at the time.[54] To controvert summary judgment proof of good faith, the

---

[50] *See* Texas Rules of Disciplinary Procedure, Rules 2.15 and 3.09.
[51] DE 1 at 3 para 11.
[52] *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994)
[53] *Id.* at 654.
[54] *Fowler v. Szostek,* 905 S.W.2d 336, 342 (Tex.App.-Houston [1st Dist.] 1995, no writ)

plaintiff must show no person in the defendant's position could reasonably have believed that the facts justified the defendant's acts.[55]

Pursuant to § 81.012 of the Texas Government Code, the purpose of the state bar is as follows:

> In order that the public responsibilities of the legal profession may be more effectively discharged, the state bar has the following purposes: (1) to aid the courts in carrying on and improving the administration of justice; (2) to advance the quality of legal services to the public and to foster the role of the legal profession in serving the public; (3) to foster and maintain on the part of those engaged in the practice of law high ideals and integrity, learning, competence in public service, and high standards of conduct; (4) to provide proper professional services to the members of the state bar; (5) to encourage the formation of and activities of local bar associations; (6) to provide forums for the discussion of subjects pertaining to the practice of law, the science of jurisprudence and law reform, and the relationship of the state bar to the public; and (7) to publish information relating to the subjects listed in Subdivision (6).[56]

To the extent that Plaintiff may have articulated an argument that he was entitled to have a jury determine his sanction, Defendants argue that said determination was made by the trial court judge and not made by any of the named Defendants. Plaintiff also alleges that Defendants engaged in violations of his VII amendment rights and engaged in systemic racism and sexism. However, he does not provide any specific allegations establishing that any individual's actions were made in bad faith. To the extent that Plaintiff's conclusory statements can be construed as a claim that any of the State Bar of Texas' employees, named in this lawsuit, failed to act: (1) within their discretionary duties, (2) in good faith, and (3) within the scope of their authority and all are therefore entitled to official immunity. Accordingly, official immunity bars Plaintiff's claims.

*vii.   Plaintiff's Claims are barred by Qualified Immunity*

Similarly, to the extent that Plaintiff asserts claims under 42 U.S.C. §1983 against any State Bar of Texas employees, State Bar of Texas's employees are entitled to Qualified immunity. Qualified

---

[55] *Id.*
[56] Tex. Gov't Code Ann. 81.012 (West 2017).

immunity is immunity from suit and not just a mere defense to liability.[57] Thus, qualified immunity

shields a defendant from the costs of trial and the burdens of broad-reaching discovery.[58] The United

States Supreme Court has repeatedly stressed that qualified immunity must be decided at the earliest

possible stage in litigation.[59] Texas courts have long held that qualified immunity is to be resolved on

the face of the pleadings and with limited resort to pre-trial discovery.[60]  In fact, district courts have

an obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-

reaching discovery.[61]  This rule is designed to protect public officials from the burdens and costs of

litigation and to prevent disruption of government responsibilities.[62]

      Government officials performing discretionary functions are shielded from liability for civil

damages insofar as their conduct does not violate clearly-established statutory or constitutional rights

of which a reasonable person would have known.[63] The Fifth Circuit has emphasized the extent of

this shield, finding that a government official is entitled to qualified immunity unless all reasonable

officials would have realized that the challenged conduct was proscribed by law at the time the official

acted and under the circumstances the official acted.[64] Similarly, the D.C. courts too have held that

"the [Office of Disciplinary Counsel] members are entitled to absolute immunity for their conduct in

the ongoing disciplinary proceedings."[65]

---

[57] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)
[58] *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)
[59] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)
[60] *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir.1990))
[61] *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986)
[62] *Harlow*, 457 U.S. at 817
[63] *Harlow*, 457 U.S. at 818
[64] *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000)
[65] *Klayman v. Fox*, CV 18-1579 (RDM), 2019 WL 2396538, at *12 (D.D.C. June 5, 2019), reconsideration denied, CV 18-1579 (RDM), 2019 WL 3752773 (D.D.C. Aug. 8, 2019); *See alo Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 12 (D.D.C. 2012)(holding that immunity is extended to boards that revoke attorney's licenses, such as boards that have the power to revoke attorney's licenses.)

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery.[66] In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right."[67] Next, the Court must consider whether the defendants conduct was nonetheless objectively reasonable in light of clearly established law.[68]

Here, Plaintiff has asserted no cognizable Constitutional violations, nor can he point to any authority that would establish that any action by any individual employed by the SBOT was contrary to clearly established law. Thus, to the extent that Plaintiff sues any individual defendants employed by the SBOT under 42 U.S.C. § 1983, they are entitled to qualified immunity.

**C.      Conclusion**

Accordingly, Defendants Commission for Lawyer Discipline and Galinger request that Plaintiff Washington's claims against them be dismissed with prejudice for failure to state a claim upon which relief may be granted, and that the Court grant them any additional and further relief to which they may be justly entitled.

Respectfully submitted,

**SEANA WILLING**
Chief Disciplinary Counsel

**Amanda M. Kates**
Assistant Disciplinary Counsel

---

[66] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

[67] *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted)

[68] *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)

Office of the Chief Disciplinary Counsel
STATE BAR OF TEXAS
P.O. Box 12487
Austin, Texas 78711-2487
512.427.1350 Phone
512.427.4253 Fax
akates@texasbar.com Email

  /s/ Amanda M. Kates
**Amanda M. Kates**
State Bar Card No. 24075987

**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

**ATTORNEYS FOR DEFENDANTS
COMMISSION FOR LAWYER DISCIPLINE,
AND TANYA GALINGER**

<u>**CERTIFICATE OF SERVICE**</u>

I, **AMANDA M. KATES**, certify that a true copy of the above **DEFENDANTS COMMISSION FOR LAWYER DISCIPLINE AND TANYA GALINGER'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** has been served via the Court's Electronic Case Files system on this 21st day of June, 2023, and via electronic filing through EC/CMF addressed to the following:

**Craig A. Washington
c/o Timberly Davis
200 Crawford St., Suite 1330
Houston, Texas 77002**

  /s/ Amanda M. Kates
**AMANDA M. KATES**