**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CRAIG A. WASHINGTON, et al.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Case: 1:23-cv-00526-JRN** |
| **THE STATE BAR OF TEXAS;** | § | |
| **ITS BOARD OF DIRECTORS;** | § | |
| **THE COMMISSION ON LAWYER** | § | |
| **DISCIPLINE; JUDITH DEBERRY;** | § | |
| **TANYA GALLINGER;** | § | |
| **AND GEORGE GALLAGHER** | § | |
| *Defendants.* | § | |

**DEFENDANT JUDITH DEBERRY'S MOTION TO DISMISS PLAINTIFF'S
ORIGINALCOMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(1) AND 12(b)(6)**

TO THE HONORABLE SENIOR UNITED STATES DISTRICT JUDGE JAMES R. NOWLIN:

Defendant, Judith DeBerry ("DeBerry"), moves for dismissal on all claims brought against her by Plaintiff Craig A. Washington ("Plaintiff" or "Washington"), pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). In support of her motion, Defendant respectfully offers the following:

## I.    INTRODUCTION

Plaintiff filed his Original Complaint on or about May 10, 2023. Plaintiff claims that he brings this action as a federal question under "the Civil Rights Act of 1870; 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1994; and 18 Statues at Large 335," as well as "28 U.S.C § 1367," and "the Class Action Fairness Act, 28 U.S.C. § 1332(d)." [Dkt. #1, p. 2.] Plaintiff seeks monetary damages, declaratory and injunctive relief. [Dkt. #1, p. 6-7.]

## II.    BACKGROUND

Plaintiff was first licensed to practice law in the State of Texas in December of 1969. [Dkt. #1, p. 3.] As a licensed Texas Attorney, Plaintiff is subject to the rules and regulations governing the practice of law as promulgated by the Supreme Court of Texas. Tex. Const. art. II, § 2, Tex. Gov't Code Ann. § 81.011(c) (West 2005), *In re State Bar of Tex.*, 113 S.W.3d 730, 732 (Tex. 2003) (orig. proceeding).

Plaintiff's contentions in this lawsuit pertain to a Judgment of Partially Probated Suspension entered against him on December 4, 2014, in Cause Number 29,123, styled *Comm'n for Lawyer Discipline v. Craig A. Washington,* in the 335th Judicial District Court of Bastrop County, Texas.[1] **See Exhibit 1**. A jury found that Washington violated rules 1.01(b)(1) – neglecting a client's matter, 1.03(a) – failing to adequately communicate with a client, 1.15(d) – failing to return a client's property following termination of representation, and 8.04(a)(3) – engaging in dishonesty, fraud, misrepresentation, or deceit.[2] Pursuant to Rule 3.09 of the Texas Rules of Disciplinary Procedure ("TRDP") the Court entered a judgment finding that Plaintiff's violation of the disciplinary rules constituted Professional Misconduct and imposed appropriate sanctions against Plaintiff. See TEX. RULES OF DISCIPLINARY P. 3.09.

### III.   ARGUMENTS AND AUTHORITIES

#### A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

The Eleventh Amendment deprives this Court of subject-matter jurisdiction over all of Plaintiff's claims against DeBerry in her official capacity. Likewise, *res judicata* deprives this

---

[1] The judgment provided that Washington was suspended for four (4) years, the first eighteen (18) months was an active suspension and the remaining thirty months was probated provided Washington comply with the terms of the judgment.
[2] *See* Tex. Disciplinary Rules Prof'l Conduct 1.04(f)(2), 1.14(a), 1.15(d), & 8.04(a)(1) (rev. 2014).

Court of subject-matter jurisdiction over Washington's state-law claim that he had a right to have a jury determine the sanction assessed in his 2014 disciplinary matter under the Texas Constitution.

### 1. Standard of dismissal.

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). Federal courts are courts of limited jurisdiction and possess only such power as authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is presumed that a cause of action lies outside this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction. *Id.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction…[A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.,* (citations omitted). Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2) the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Id.* In this case, Plaintiff has not, and cannot, meet his burden to state any facts that would entitle him to relief against Defendants.

### 2. The Eleventh Amendment bars Plaintiff's claims against DeBerry.

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the

federal government or another state.[3] A plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity for damages because such a suit would pose a claim against the state treasury absent a waiver of sovereign immunity.[4] Plaintiff cites no such waiver.

Here, Washington has sued DeBerry, for purported actions she took in her official capacity, as an Assistant Disciplinary Counsel that represented the Commission for Lawyer Discipline (the "Commission") in the above-described disciplinary matter. "The Commission is a standing committee of the State Bar of Texas."[5] Both Texas courts and the Fifth Circuit Court of Appeals "have concluded that the State Bar of Texas and its committees and divisions are state agencies for purposes of Eleventh Amendment immunity."[6] Therefore, DeBerry is entitled to Eleventh Amendment Immunity.

Though *Ex Parte Young*[7] carved out an exception to Eleventh Amendment immunity for declaratory or injunctive relief against ongoing or threatened violations of federal law, the Eleventh Amendment otherwise leaves federal courts without jurisdiction to entertain suits directed against states.[8] In fact, only an express, unambiguous declaration of waiver can waive the

---

[3] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).
[4] *Green*, 27 F.3d at 1087. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 101 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)).
[5] Tex. Gov't Code Ann. § 81.076(b) (West 2005).
[6] *See e.g.*, *Cantu v. Comm'n for Law. Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at *2 (W.D. Tex. June 1, 2017) (citing *Bishop v. State Bar of Tex*as, 791 F.2d 435 (5th Cir. 1986); *Hensler v. Dist. Four Grievance Comm. of the State Bar of Tex.*, 790 F.2d 390 (5th Cir. 1986); *Gilbert v. Perry*, 302 F. App'x 320 (5th Cir. 2008) (per curiam); *Martin v. State Bar of Texas*, 2013 WL 3283729 (N.D. Tex. June 28, 2013); *Leuvano v. State Bar of Texas*, 2011 WL 334291 (S.D. Ill. Jan. 29, 2011); *Fred v. State Bar of Texas*, 1999 WL 68643 (N.D. Tex. Feb. 5, 1999)).
[7] *Ex Parte Young*, 209 U.S. 123 (1908).
[8] *Id.*; *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994).

immunity provided by the Eleventh Amendment.[9] No such waiver exists in this matter. Because Plaintiff only sues for past—not threatened or ongoing—violations of his civil rights, his claims do not fall within the *Ex Parte Young* exception. As such, Washington's official capacity claims against DeBerry are barred in their entirety.

### 3. DeBerry is entitled to Official Immunity.

To the extent that Plaintiff makes any claims against DeBerry in her individual capacity, his claim is barred by official immunity. Under state law, government officials are "entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority".[10] If an action involves personal deliberation, decision, and judgment, it is discretionary.[11] An official act is one taken in good faith  - if a reasonably prudent official could have believed his or her conduct to be lawful in light of clearly established law and the information known at the time.[12]

Additionally, to the extent that Plaintiff may have articulated an argument that he was entitled to have a jury determine the sanction to be issued against him in 2014,  DeBerry disagrees. Rule 3.09 of the TRDP, sets forth that the Court, not the jury, determines the appropriate sanction after a finding of Professional Misconduct.[13] Additionally, even if Defendant had the ability to make such a determination Plaintiff would have to show she did so in bad faith. Such would require this court to consider "whether a reasonably prudent official, under the same or similar

---

[9] *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); Hans, 134 U.S. at 16-17.
[10] *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994)
[11] *Id*. at 654.
[12] *Fowler v. Szostek,* 905 S.W.2d 336, 342 (Tex. App.-Houston [1st Dist.] 1995, no writ)
[13] Tex. Rules of Disciplinary P. 3.09, states that upon a finding that an attorney's conduct constitutes "Professional Misconduct," the *court* shall determine the appropriate Sanction or Sanctions to be imposed." (Emphasis added.)

circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred."[14] Importantly, in *Comm'n for Lawyer Discipline v. Craig A. Washington,* the Third Court of Appeals affirmed the trial court's decision in Plaintiff' disciplinary matter. Thus, Plaintiff has failed to show that the facts did not justify the defendant's actions.

Further, Plaintiff seemingly alleges that Defendant engaged in violations of his VII amendment rights and engaged in systemic racism and sexism. However, he does not provide any specific allegations establishing that any individual's actions were made in bad faith. Plaintiff's conclusory statements do not support a claim that DeBerry failed to act: (1) within her discretionary duties, (2) in good faith, and (3) within the scope of her authority. Therefore, DeBerry is entitled to official immunity, Plaintiff's claims against DeBerry are barred, and this case should be dismissed.

### 4. Plaintiff's claims are barred by Qualified Immunity.

Similarly, to the extent that Plaintiff asserts claims under 42 U.S.C. §1983 against any State Bar of Texas employees, the State Bar of Texas's employees are entitled to qualified immunity. qualified immunity is immunity from suit and not just a mere defense to liability.[15] Thus, qualified immunity shields a defendant from the costs of trial and the burdens of broad-reaching discovery.[16] The United States Supreme Court has repeatedly stressed that qualified immunity must be decided at the earliest possible stage in litigation.[17] Texas courts have long held that qualified immunity is

---

[14] *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 426 (Tex. 2004).
[15] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)
[16] *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)
[17] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)

to be resolved on the face of the pleadings and with limited resort to pre-trial discovery.[18]  In fact, district courts have an obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-reaching discovery.[19]  This rule is designed to protect public officials from the burdens and costs of litigation and to prevent disruption of government responsibilities.[20]

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.[21] The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted.[22] Similarly, the District of Columbia courts have also held that "the [Office of Disciplinary Counsel] members are entitled to absolute immunity for their conduct in the ongoing disciplinary proceedings.[23]

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery.[24] In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry.

---

[18] *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir.1990))

[19] *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986)

[20] *Harlow*, 457 U.S. at 817

[21] *Id.* at 818

[22] *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000)

[23] *Klayman v. Fox*, CV 18-1579 (RDM), 2019 WL 2396538, at *12 (D.D.C. June 5, 2019), reconsideration denied, CV 18-1579 (RDM), 2019 WL 3752773 (D.D.C. Aug. 8, 2019); *See also Rodriguez v. Shulman*, 844 F. Supp. 2d 1, 12 (D.D.C. 2012)(holding that immunity is extended to boards that revoke attorney's licenses, such as boards that have the power to revoke attorney's licenses.)

[24] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all—prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right."[25] Next, the Court must consider whether the defendants conduct was nonetheless objectively reasonable in light of clearly established law.[26]

Here, Plaintiff has asserted no cognizable Constitutional violations, nor can he point to any authority that would establish that any action by any individual employed by the State Bar of Texas was contrary to clearly established law. Specifically, Washington makes no allegation that DeBerry took any action in contravention of the TRDP. Further, as shown by the allegations in the Disciplinary Petition, and eventually confirmed by the jury, Washington's actions constituted Professional Misconduct and a sanction was warranted. **See Exhibit 2.**

Thus, to the extent that Plaintiff has sued DeBerry under 42 U.S.C. § 1983, she is entitled to qualified immunity.

### 5. Res judicata precludes this Court from considering whether Plaintiff's right to a jury trial under the Texas Constitution was violated when the trial court denied his request for a jury to determine his sanction.

"The Supreme Court has held that 'under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'"[27] "To determine the preclusive effect of a state court judgment, federal courts apply the preclusion rules of the state whose court issued the judgment."[28] "In Texas, in order to show that a judgment has claim preclusive effect, Defendant must show: (1) there was a prior final judgment

---

[25] *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted)
[26] *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)
[27] *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)).
[28] *Texas v. Am. Tobacco Co.*, 441 F. Supp. 3d 397, 426 (E.D. Tex. 2020) (citing *Shimon*, 565 F.3d at 199.

on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them exists between the two actions; and (3) the second action is based on the same claims as were raised or could have been raised in the first action."[29]

Here, Washington seemingly complains of DeBerry's actions related to the 2014 Judgment of Partially Probated Suspension entered against him by the 335th Judicial District Court on December 4, 2014. The Third Court of Appeals affirmed the suspension after Washington appealed. *See  Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *13 (Tex. App.—Austin Mar. 17, 2017, pet. denied). During his appeal, Washington argued that the Commission, not DeBerry, violated his right to have a jury determine his sanction under the Texas Constitution. See *Id.* at *9 . The Third Court of Appeals considered Washington's jury argument and recognized that under well-established Texas law, "[t]he Texas Rules of Disciplinary Procedure govern the attorney-disciplinary process and are to be treated as statutes. *Id.* at *9 (citing Tex. R. Disciplinary P. 1.02; *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); and, *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988)). Using state-law rules of statutory construction, the Third Court of Appeals held: "[g]iven the plain language in the applicable rules—namely that 'the court *shall* determine the appropriate [sanctions] to be imposed' and that the trial court '*shall* consider' several factors 'in determining the appropriate [s]anctions'—we conclude that the rules assign the task of imposing sanctions to the trial court, not the jury, in attorney-disciplinary proceedings. (Emphases added.)" *Washington,* 2017 WL 1046260, at *10.[30] Subsequently, the Texas Supreme Court denied Plaintiff's petition

---

[29] *Rodriguez v. Ysleta Indep. Sch. Dist.*, No. EP-05-CV-0112-FM, 2006 WL 1544604, at *4 (W.D. Tex. May 30, 2006), aff'd, 217 F. App'x 294 (5th Cir. 2007) (citing *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996)).

[30] The Court cited *In re Caballero*, 441 S.W.3d 562, 570 (Tex. App.—El Paso 2014, no pet.) (finding "[w]hat is unmistakenly clear, and highly significant, is that when a respondent attorney

for review in March of 2017. Consequently, *res judicata* bars this Court from entertaining Plaintiff's attempt to reargue claims already brought forth in trial and on appeal, and to seek a change in the outcome of the trial court's decision.

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Plaintiff also claims that Deberry purported actions affected his right to a "fair trial" and violated multiple federal protections and the Texas Constitution. Specifically, Plaintiff claims DeBerry purported acts violated: 1) his right to a fair trial under the Seventh Amendment and Texas Constitution [Dkt. #1, p. 6.]; 2) his due process rights under the Fourteenth Amendment and the Texas Constitution for her involvement in "establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations" [Dkt. #1, p. 5.]; and, 3) his rights of Equal Protection for her participation in creating "a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. § 1983." Yet, even construed broadly, the bare assertions and conclusory statements comprising Plaintiff's complaint fail to state a claim for which relief can be granted.

#### 1. Standard of Review.

A party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When presented with a motion to dismiss for failure to state a claim, district courts should first separate the legal elements of the claim, then determine whether the alleged facts demonstrate a plausible claim for relief.[31] Though all well-pled facts are

---

elects a jury trial, the jury may only render a verdict on whether the attorney has committed acts of misconduct. The jury is not permitted to determine sanctions.").

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *accord*, FED. R. CIV. P. 8(a)(2) (requiring a short and plain statement showing that the pleader is entitled to relief).

viewed as true, to survive a motion to dismiss, those facts must state a claim for relief that is "plausible on its face."[32] District courts may disregard mere labels and legal conclusions.[33] A complaint also doesn't suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[34] "Threadbare recitations of the elements of a cause of action supported by mere conclusory statements do not suffice."[35] "Dismissal is proper where the complaint does not contain enough factual allegations to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief."[36] In this case, Plaintiff has not met his burden to state any facts that would entitle him to relief.

### 2. Plaintiff assertions do not constitute a cognizable equal protection claim under 42 U.S.C. §1983.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."[37] Because vicarious liability is inapplicable in § 1983 suits, the plaintiff must show "that each Government-official defendant, through his own individual actions, has violated the Constitution."[38] "Personal involvement is an essential element of a civil rights cause of action."[39] The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any

---

[32] *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)).

[33] *Id*. at 663-64.

[34] *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 555, 557).

[35] *Id.*

[36] *Bell Atlantic Corp.*, 550 U.S. at 555.

[37] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000)).

[38] *Iqbal*, 129 S. Ct. at 1949.

[39] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

vicarious liability theory."[40] "[T]here must be an affirmative link between the incident and some act by the defendant."[41]

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[42] This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[43]

Here, Washington confined his claims to actions undertaken during his 2014 disciplinary matter and DeBerry does not dispute whether she acted under the color of state law.[44]

Plaintiff alleges that,

> "[t]he conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983 and others which provides a cause of action and waiver of immunity. Such conduct deprives the individual defendants of official immunity since the conduct was deliberate, willful, and clearly unlawful at the time." [Dkt. #1, p. 3.]

Plaintiff also states in his complaint,

> Plaintiff has been frequently subjected to Defendant's usurping authority not granted to them by the State Bar of Act and endeavoring to govern alleged acts of misfeasance or malfeasance under the guise of ethical violations. Defendants have violated

---

[40] *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992).

[41] *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

[42] *Iqbal*, 129 S. Ct. at 1949.

[43] *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

[44] Defendant Galinger is listed in Plaintiff's complaint as an attorney employee of the State Bar. Defendant Galinger is not an attorney. For clarification purposes, Defendant Galinger has been a legal assistant with the Office of the Chief Disciplinary Counsel for 20 years and has never been an attorney.

Amendment VII to the U.S. Constitution and the Right to a Jury Trial in all Civil Cases under The Texas Constitution. Defendants have violated the Due Process Clauses of the both The U.S. and Texas Constitutions by establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations. [Dkt. #1, p. 5.]

Aside from these generalized statements, Plaintiff points to no specific facts that would support showing any defendant violated his rights. Accordingly, Plaintiff's claims should be dismissed.

### a. Fair Trial Claims.

Plaintiff asserts that DeBerry violated his federal and state rights to a fair trial, relating to the Judgment of Partially Probated Suspension entered against him on December 4, 2014, by "knowingly suborning perjury from two of the [State Bar of Texas's] witnesses." [Dkt. #1, p. 6.] Presumably, the witnesses Plaintiff describes are the same as those he claims Galinger allegedly referenced when she purportedly stated: "they were very late getting here and we didn't have time to prep them!"[45] Regardless, Plaintiff's illogical representations of what occurred at the "trial" of his 2014 disciplinary matter lacks the "further factual enhancement" necessary to raise his claim beyond a merely speculative entitlement to relief.[46] In fact, Plaintiff's claim that DeBerry allegedly elicited testimony from two witnesses that amounted to perjury, should have been brought before the trial court and on appeal. In any case, Plaintiff's claim against DeBerry is not plausible on its face and should be dismissed.

### b. Due Process Claims.

Plaintiff offers no context or support for his bald assertion that Defendants violated his federal and state Due Process rights. Plaintiff points to no Texas statute or agency rule nor alleges

---

[45] *Id*. at 4 para 26.
[46] *See e.g.*, *Bell Atlantic Corp.*, 550 U.S. at 555, 557.

any act or omission by any defendant evincing the "establish[ment] of a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations." [Dkt. #1, p. 5.] Moreover, Plaintiff does not and cannot show DeBerry has any authority to determine or impose disciplinary sanctions on attorneys found guilty for violating the Texas Disciplinary Rules of Professional Conduct or, as Plaintiff describes, any other "alleged acts of misfeasance or malfeasance under the guise of ethical violations."[47] Under the TRDP, when an attorney-respondent elects to have a trial in District Court on the allegations against him, as did Plaintiff, the Court—not the Commission's employees—determines the appropriate sanction.[48] For these reasons, Plaintiff's conclusory due process claims should be dismissed.

### c. Equal Protection Claim.

Finally, Plaintiff asserts "[t]he conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. § 1983." [Dkt. #1, p. 3.] However, Plaintiff does not make a formal claim for relief on this basis. Beyond this bare hyperbole, Plaintiff fails to identify any defendant responsible for a "general policy" or make any related allegation against DeBerry. Plaintiff does not identify any policy at all or describe any statement or course of conduct that could be taken as policy. Nothing in Plaintiff's Complaint can be remotely construed as showing a policy of unlawful discrimination or any conduct by any defendant as unlawfully discriminatory. For these reasons, to the extent Plaintiff intends to maintain an Equal Protection claim, it should be dismissed.

---

[47] *Id.* at 5 para 31.
[48] *See* Texas Rules of Disciplinary Procedure, Rules 2.15 and 3.09.

### IV.   CONCLUSION

Accordingly, Defendant DeBerry requests that Washington's claims against her be dismissed with prejudice for failure to state a claim upon which relief may be granted, and that the Court grant them any additional and further relief to which they may be justly entitled.

Respectfully submitted,

**SEANA WILLING**
Chief Disciplinary Counsel

**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

Office of the Chief Disciplinary Counsel
STATE BAR OF TEXAS
P.O. Box 12487
Austin, Texas 78711-2487
512.427.1350 Phone
512.427.4167 Fax
Email: Royce.lemoine@texasbar.com

**ATTORNEYS FOR DEFENDANT
JUDITH DEBERRY**

### CERTIFICATE OF SERVICE

I, Royce Lemoine, certify that a true copy of the above **Defendant Judith DeBerry's Motion to Dismiss Plaintiff's Original Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** has been served via the Court's Electronic Case Files system on this 26th day of June, 2023, and via electronic filing through EC/CMF addressed to all parties.

**ROYCE LEMOINE**