IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRAIG A. WASHINGTON AND OTHER SIMILARLY SITUATED INDIVIDUALS | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1:23-cv-526 |
| STATE BAR OF TEXAS, STATE BAR OF TEXAS BOARD OF DIRECTORS, COMMISSION FOR LAWYER DISCIPLINE, JUDITH DEBERRY, TANYA GALINGER, and GEORGE GALLAGHER, | § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS STATE BAR OF TEXAS AND STATE BAR BOARD OF DIRECTORS'
MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(b)(1) AND 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 1

III. LEGAL STANDARDS .................................................................................... 4

    A.    Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)...................................... 4

    B.    Failure to State a Claim for Which Relief Can Be Granted Under Rule 12(b)(6) ................................................................................................ 5

IV. ARGUMENTS AND AUTHORITIES ............................................................. 5

    A.    Washington's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1). ...................................................................... 5

        1.    The Eleventh Amendment bars Washington's claims against the Bar. .................................................................................... 6

        2.    Alternatively, Washington cannot challenge in this Court the state court's judgment that his rights were not violated. .................. 8

    B.    Res judicata deprives this Court of subject matter jurisdiction over Washington's jury trial and fair trial claims. ...................................... 9

    C.    Washington's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). ................................................................... 11

        1.    The Bar is absolutely immune from suit. ................................... 12

        2.    Washington fails to state any cognizable § 1983 claim. ........................... 12

            a.    Washington's Equal Protection claim fails. ................................. 12

            b.    Washington fails to state cognizable due process and fair trial claims. ....................................................................... 14

                i.    Washington does not have a right to a jury trial for sanctions. .............................................................. 16

                ii.    Washington's allegations regarding false testimony fail. ..................................................................... 18

                iii.    Washington does not (and cannot) allege liability based on actions of others. ................................. 19

V. CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*Alden v. Maine*,
  527 U.S. 706 (1999)................................................................................................ 7

*Amstadt v. United States Brass Corp.*,
  919 S.W.2d 644 (Tex. 1996) ................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).......................................................................................... 5, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................ 5

*Beman v. Smith*,
  MO-07-CV-055, 2007 WL 9751723 (W.D. Tex. Aug. 10, 2007)........................... 6

*Bishop v. State Bar of Tex.*,
  791 F.2d 435 (5th Cir. 1986) .......................................................................... 6, 7, 8

*Blue Mint Pharmco, LLC v. Tex. State Bd. of Pharm.*,
  4:22-CV-561, 2023 WL 2717265 (S.D. Tex. Mar. 30, 2023) ............................. 16

*Bradley v. Fisher*,
  80 U.S. 335 (1871)............................................................................................... 20

*Butler v. Endeavor Air, Inc.*,
  805 F. App'x 274 (5th Cir. 2020) ........................................................................ 11

*Butz v. Economou*,
  438 U.S. 478 (1978)....................................................................................... 12, 20

*Cannon v. Tex. Indep. Bank*,
  1 S.W.3d 218 (Tex. App.—Texarkana 1999) ...................................................... 10

*Cantu v. Comm'n for Law. Discipline*, No. SA-17-CV-160-XR,
  2017 WL 2415024 (W.D. Tex. June 1, 2017) ....................................................... 7

*Cnty. of Sacramento v. Lewis*,
  523 U.S. 833 (1998).............................................................................................. 15

*Colomb v. Grayson*,
  No. CIV.A. 07-2171, 2013 WL 3213000 (W.D. La. June 24, 2013) ............... 18, 19

*Cory v. White*,
  457 U.S. 85 (1982)................................................................................................. 6

*Cripps v. La. Dep't of Agriculture and Forestry*,
  819 F.3d 221 (5th Cir. 2016) ............................................................................... 15

*Cronen v. Tex. Dep't of Human Servs.*,
  977 F.2d 934 (5th Cir. 1992) ................................................................................. 7

*DuVall v. Att'y Gen. of Tex.*,
   No. A-07-CA-1017-SS, 2008 WL 11453691 (W.D. Tex. Apr. 15, 2008), *aff'd sub nom.*
   *DuVall v. Att'y Gen. Off. of Tex.*, 325 F. App'x 329 (5th Cir. 2009) ...................................... 14

*Elliot v. Foufas*,
   867 F.2d 877 (5th Cir. 1989) .................................................................................................. 5

*Ex parte Wall*,
   107 U.S. 265 (1883) ............................................................................................................... 17

*Fred v. State B. of Tex.*,
   1999 WL 68643 (N.D. Tex. Feb. 5, 1999) ............................................................................. 7

*Gilbert v. Perry*,
   321 F. App'x 320 (5th Cir. 2008) ................................................................................. 7, 18, 19

*Green v. State B. of Tex.*,
   27 F.3d 1083 (5th Cir. 1994) ...................................................................................... 6, 12, 20

*Green v. Stuyvesant*,
   505 F. Supp. 2d 176 (D.D.C. 2007) ....................................................................................... 6

*Grynberg v. BP P.L.C.*,
   855 F. Supp. 2d 625 (S.D. Tex. 2012), *aff'd*, 527 F. App'x 278 (5th Cir. 2013) .................... 11

*Haase v. Sessions*,
   835 F.2d 902 (D.C. Cir. 1987 ................................................................................................. 5

*Hall v. Hodgkins*,
   305 Fed. App'x 224 (5th Cir. 2008 ........................................................................................ 3

*Harper v. State B. of Tex.*,
   636 F. App'x 805 (D.C. Cir. 2016) ........................................................................................ 8

*Hawaii v. Gordon*,
   373 U.S. 57 (1963) ................................................................................................................. 6

*Hensler v. Dist. Four Grievance Comm. of the State B. of Tex.*,
   790 F.2d 390 (5th Cir. 1986) ................................................................................................. 7

*Hooks v. Landmark Indus., Inc.*,
   797 F.3d 309 (5th Cir. 2015) ................................................................................................. 4

*In re Caballero*,
   441 S.W.3d 562 (Tex. App.–El Paso 2014, no pet.) ............................................................. 17

*In re Smith*,
   123 F. Supp. 2d 351 (N.D. Tex. 2000), *aff'd*, 275 F.3d 42 (5th Cir. 2001) ............................ 17

*James v. Tex. Collin Cnty.*,
   535 F.3d 365 (5th Cir. 2008) ............................................................................................... 12

*Kaul v. Christie*,
   372 F. Supp. 3d 206 (D.N.J. 2019) ................................................................................. 18, 19

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ............................................................................................................... 4

*Krempp v. Dobbs*,
 775 F.2d 1319 (5th Cir. 1985) ........................................................................ 6, 7, 8

*Leuvano v. State B. of Tex.*,
 2011 WL 334291 (S.D. Ill. Jan. 29, 2011) ............................................................. 7

*Lewis v. La. State B. Ass'n*,
 792 F.2d 493 (5th Cir. 1986) ................................................................................ 8

*Liedtke v. State B. of Texas*,
 18 F.3d 315 (5th Cir. 1994) .................................................................................. 8

*Lovelace v. Software Spectrum Inc.*,
 78 F.3d 1015 (5th Cir. 2005) ................................................................................ 3

*Martin v. State B. of Tex.*,
 2013 WL 3283729 (N.D. Tex. June 28, 2013) ...................................................... 7

*Moore v. Willis Indep. Sch. Dist.*,
 233 F.3d 871 (5th Cir. 2000) .............................................................................. 12

*Norris v. Hearst Trust*,
 500 F.3d 454 (5th Cir. 2007) ................................................................................ 3

*Ollie v. City of DeSoto*,
 3:22-CV-1261-S-BN, 2022 WL 4389562 (N.D. Tex. Aug. 30, 2022), report and
 recommendation adopted, 3:22-CV-1261-S-BN, 2022 WL 4390446 (N.D. Tex. Sept. 22,
 2022) ............................................................................................................ 15, 16

*Pedraza v. Meyer*,
 919 F.2d 317 (5th Cir. 1990) .............................................................................. 13

*Pennhurst State Sch. & Hosp. v. Halderman*,
 465 U.S. 89 (1984) ............................................................................................... 6

*Pharm. Buying Ass'n, Inc. v. Sebelius*,
 906 F. Supp. 2d 604 (W.D. Tex. 2012) ............................................................... 13

*Planned Parenthood Gulf Coast, Inc. v. Phillips*,
 24 F.4th 442 (5th Cir. 2022) .............................................................................. 13

*Ramming v. United States*,
 281 F.3d 158 (5th Cir. 2001) ............................................................................ 4, 5

*Rodriguez v. Ysleta Indep. Sch. Dist.*,
 No. EP-05-CV-0112-FM, 2006 WL 1544604 (W.D. Tex. May 30, 2006), *aff'd,* 217 F. App'x
 294 (5th Cir. 2007) ............................................................................................ 10

*Rollerson v. Brazos River Harbor Nav. Dist. of Brazoria Cnty. Tex.*,
 6 F.4th 633 (5th Cir. 2021) ................................................................................ 13

*Shimon v. Sewerage & Water Bd. of New Orleans*,
 565 F.3d 195 (5th Cir. 2009) ................................................................................ 9

*Shqeir v. Martin*, CIV.A.
 3:97-CV-1887P, 1997 WL 587482 (N.D. Tex. Sept. 15, 1997) ........................... 8, 9

*Smith v. City of New Orleans, Dep't of Police*,
   1996 WL 39424 (E.D.La. Jan. 30, 1996)................................................................... 20

*Sneed v. Ibarra*,
   No. EP17CV00072PRMATB, 2017 WL 1180965 (W.D. Tex. Mar. 29, 2017) ..................... 16

*Southland Sec. Corp. v. Inspire Ins. Sols. Inc.*,
   365 F.3d 353 (5th Cir. 2004) ........................................................................................... 5

*Sunshine Anthracite Coal Co. v. Adkins*,
   310 U.S. 381 (1940)................................................................................................. 10, 11

*Tex. Workers' Comp. Comm'n v. Garcia*,
   893 S.W.2d 504 (Tex. 1995)........................................................................................... 15

*Texas v. Am. Tobacco Co.*,
   441 F. Supp. 3d 397 (E.D. Tex. 2020) ........................................................................... 10

*Verner v. State of Colo.*,
   533 F. Supp. 1109 (D. Colo. 1982), aff'd, 716 F.2d 1352 (10th Cir. 1983)...................... 17

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000).......................................................................................................... 7

*Washington v. Comm'n for Lawyer Discipline*,
   No. 03-15-00083-CV, 2017 WL 1046260  (Tex. App.—Austin Mar. 17, 2017,
   pet. denied)............................................................................................................ passim

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989)............................................................................................................ 7

*Wilson v. Birnberg*,
   667 F.3d 591 (5th Cir. 2012) ........................................................................................ 15

## Statutes

42 U.S.C. § 1983........................................................................................................ passim

Tex. Gov't Code Ann. § 81.011(a) ............................................................................... 6, 7

Tex. Gov't Code Ann. § 81.077 ...................................................................................... 17

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JAMES NOWLIN:

Defendants the State Bar of Texas and the State Bar Board of Directors (the "Bar") move to dismiss all claims brought against them by Plaintiff Craig A. Washington in his Complaint,[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.
## INTRODUCTION

Washington complains that he was disciplined for failing to attend a hearing that resulted in his clients losing their claim for their deceased mother's house. While not clearly pleaded, Washington purports to bring claims for discrimination under 42 U.S.C. § 1983 and violation of his due process and jury trial rights. Those claims cannot be pleaded against the Bar, a state agency that enjoys Eleventh Amendment immunity from suit. Further, because Washington has fully litigated and lost certain claims in state court, he cannot prevail on those claims before this Court.

Setting aside those legal defects, Washington's claims still fail under Federal Rule of Civil Procedure 12(b)(6) because they are not adequately pleaded. Washington does not plead a single allegation of discrimination to support his § 1983 claim. With regard to his due process claim, Washington admits that he was sanctioned after *a jury* determined that he violated the Texas Rules of Professional Conduct. Washington is not constitutionally entitled to have a jury determine his sanctions. And, while he complains about some undisclosed statements of a witness at the trial that he describes as "perjury," Washington does not plead what the statements were or that they were material. Instead, he pleads that all of the jurors apparently believed the witness was not credible.

For these reasons, Washington's complaint must be dismissed.

## II.
## BACKGROUND

---

[1] Pl.'s Complaint, Dkt. No. 1.

Washington purports to bring a class action complaint on behalf of "[a]ll Black American Attorneys ever licensed by SBOT who were or continue to be discriminated against by Defendants" and "[a]ll male attorneys who have suffered disparate treatment because of their gender[.]"[2] While not clearly pleaded, Washington appears to bring these claims under 42 U.S.C. § 1983.[3] Washington also purports to bring a due process claim for violation of the right to trial by jury, but that claim does not appear to be pleaded against the Bar.[4] Regardless, Washington does not plead a single fact to support any inference of discrimination on the basis of race or gender. Nor has he pleaded any fact to support the denial of the right to a trial by jury.

Instead, Washington pleads that he was licensed to practice law in 1969 and that he was found to have violated the State Bar Rules, Regulations and Ethical concerns after individuals filed grievances against him.[5] Specifically, Washington pleaded that a "conflict" developed where "two [of Washington's] clients had cases set on the same day and time in different counties," Washington did not appear at one of the hearings, and that the hearing that he did not appear at resulted in a judgment against Washington's client.[6] Washington alleges that the issue arose because he sent someone that was unfamiliar with the Courthouse to the hearing Washington could not attend, and that person arrived after the hearing adjourned.[7] After the judgment was entered, Washington's client "filed a grievance against [Washington] with Defendants, the State Bar of Texas, and it's Commission on Lawyer Discipline."[8] Washington was afforded a jury trial in

---

[2] Pl.'s Complaint, Dkt. No. 1, ¶ 34.
[3] *See id.* ¶¶ 8, 11.
[4] *See id.* ¶¶ 35–37.
[5] *Id.* ¶¶ 13, 22.
[6] *See id.* ¶¶ 16–19.
[7] *Id.* ¶ 17–18.
[8] *Id.* ¶ 22.

Bastrop County, his county of residence, and found guilty of professional misconduct. *Washington v. Comm'n for Lawyer Discipline,* No. 03-15-00083-CV, 2017 WL 1046260, at *1 (Tex. App.—Austin Mar. 17, 2017, pet. denied).[9] The trial court denied Washington's request to have a jury decide his sanctions.[10] *Washington*, 2017 WL 1046260, at *3. Washington alleges that one of the jurors informed him that he believed the complainant "lied under oath and committed perjury during the trial and that all of the jurors were aware of it and felt the same."[11] Washington further alleges that the jurors improperly saw an exhibit that indicated that Washington had been "suspended for two (2) days for failure to pay bar dues."[12] Washington does not plead any specific facts regarding the Bar or actions taken by the Bar.

The "jury found in favor of the Commission on each of the allegations, and the trial court imposed sanctions against Washington that included a four-year suspension from the practice of law with the first 18 months being an active suspension and the remaining 30 months being probated." *Washington,* 2017 WL 1046260, at *1. Washington appealed the trial court's judgment to the Third Court of Appeals of Texas and raised "five issues in which he challenge[d] the exclusion of evidence, the trial court's denial of his motion for new trial, the jury charge, and the trial court's rulings with regard to his sanctions." *Id.* Specifically, Washington alleged that the trial court erred in failing to grant his motion for new trial "based on the jury's consideration of

---

[9] In addition to the pleadings, the Court "'may also consider matters of which [it] may take judicial notice.' [Citation omitted.] And 'it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record,'" including "publicly available pleadings and opinions" related to cases in which the plaintiff was a party. *Hall v. Hodgkins*, 305 Fed. App'x 224, 226–27 (5th Cir. 2008) (per curiam) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 2005), and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

[10] Pl.'s Complaint, Dkt. No. 1, ¶ 36.

[11] Pl.'s Complaint, Dkt. No. 1, 25.

[12] *Id.* ¶ 28.

inadmissible evidence" and that "the trial court erred in denying his jury demand for the sanctions phase of trial." *Id.* at *3. The Third Court of Appeals affirmed the judgment against Washington. *Id.* at *1. With regard to the jury trial issue, the Third Court of Appeals held that the Texas Disciplinary Rules "assign the task of imposing sanctions to the trial court, not the jury, in attorney-disciplinary proceedings." *Id.* at *10. The Third Court of Appeals further held that "Washington received a jury trial on the merits of the case, and the disciplinary rules therefore do not abrogate his right to a jury trial." *Id.*

Despite the fact that Washington has already been entitled to a full appeal of his sanctions order, Washington now brings this lawsuit claiming that he was discriminated against and his rights to a jury trial and due process were violated. However, Washington does not plead any facts to suggest that he was reprimanded based on race or gender.

## III.
## LEGAL STANDARDS

### A.   Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). A cause of action is presumed outside a federal court's limited jurisdiction and the burden of establishing jurisdiction is on those asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction . . . . [A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2)

the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Id*.

**B.      Failure to State a Claim for Which Relief Can Be Granted Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. All facts pleaded in the complaint must be taken as true; however, the claims must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Ramming*, 281 F.3d at 161 (citing *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). In determining whether a lawsuit states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court should "not strain to find inferences favorable to the [non-moving party]. Nor [should it] accept conclusory allegations, unwarranted deductions, or legal conclusions." *See Southland Sec. Corp. v. Inspire Ins. Sols. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

**IV.**
**ARGUMENTS AND AUTHORITIES**

**A.      Washington's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a complaint if the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1); *Haase v. Sessions,* 835 F.2d 902, 906 (D.C. Cir. 1987). The plaintiff bears the burden of establishing by a preponderance of the evidence

the court's jurisdiction to hear his claims. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007). Washington has not met (and cannot meet) that burden here, as the Eleventh Amendment deprives this Court of subject-matter jurisdiction over all of Washington's claims against the Bar.

### 1. The Eleventh Amendment bars Washington's claims against the Bar.

The Eleventh Amendment bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State B. of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). And a plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity because such a suit would pose a claim against the state treasury. *Id.*; *see also Pennhurst*, 465 U.S. at 101 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*). Moreover, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101–02; *see also Cory v. White*, 457 U.S. 85, 91 (1982).

Here, Washington sued the Bar, an agency of the Texas judicial department. Tex. Gov't Code Ann. § 81.011(a); *see also Green*, 27 F.3d at 1087*; Krempp v. Dobbs*, 775 F.2d 1319, 1321 n.1 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); *and Bishop v. State B. of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). Both Texas courts and the Fifth Circuit "have concluded that the State Bar [of Texas] and its committees and divisions are state agencies for purposes of Eleventh Amendment immunity." *Cantu v. Comm'n for Law.*

*Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at \*2 (W.D. Tex. June 1, 2017) (citing *Bishop*, 791 F.2d at 438).[13] Therefore, Washington's suit against the Bar is barred.

In addition, Washington brings suit against the Bar on claims under 42 U.S.C. § 1983.[14] Because the Bar is "an administrative agency of the judicial department of [the Texas] government," Tex. Gov't Code Ann. § 81.011(a), it is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *accord Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992) (holding that a Texas state agency was not a "'person[]' for purposes of liability under 42 U.S.C. § 1983"); *see also* 42 U.S.C. § 1983 (creating a cause of action against a "person" who violates constitutional rights under color of state law); *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779–80 (2000) (holding that courts may address "the question whether the statute itself *permits* the cause of action it creates to be asserted against States" before addressing the jurisdictional question of sovereign immunity).

Under controlling Fifth Circuit precedent, the Bar qualifies as an arm of the State of Texas; therefore, it is immune from suit in federal court and does not qualify as a "person" subject to suit under § 1983. In *Krempp v. Dobbs*, the Fifth Circuit squarely held that claims "against the [Texas] State Bar," including a claim under 42 U.S.C. § 1983, were "barred by the eleventh amendment" principle of sovereign immunity. 775 F.2d at 1320–21; *see also Alden v. Maine*, 527 U.S. 706, 713 (1999) (explaining that "Eleventh Amendment immunity" is "convenient shorthand" for "the States' immunity from suit"). The Fifth Circuit reiterated that holding in *Bishop v. State Bar of*

---

[13] *See also Hensler v. Dist. Four Grievance Comm. of the State B. of Tex.*, 790 F.2d 390, 392 (5th Cir. 1986); *Gilbert v. Perry*, 321 F. App'x 320, 321 (5th Cir. 2008) (per curiam); *Martin v. State B. of Tex.*, 2013 WL 3283729, \*2 (N.D. Tex. June 28, 2013); *Leuvano v. State B. of Tex.*, 2011 WL 334291, \*1 (S.D. Ill. Jan. 29, 2011); *Fred v. State B. of Tex.*, 1999 WL 68643, \*3 (N.D. Tex. Feb. 5, 1999)).

[14] Pl.'s Complaint, Dkt. No. 1, ¶¶ 19, 83, 88–100.

*Texas*, again concluding that "the State Bar of Texas is a state agency such that an action for damages" under § 1983 "is barred by the eleventh amendment." 791 F.2d at 437–38. In *Liedtke v. State Bar of Texas*, the Fifth Circuit likewise held that a plaintiff's "section 1983 suit for damages" against the Bar "necessarily founder[ed] on eleventh amendment immunity." 18 F.3d 315, 318 n.12 (5th Cir. 1994); *see also Harper v. State B. of Tex.*, 636 F. App'x 805, 806 (D.C. Cir. 2016) (per curiam) (following Fifth Circuit precedent in holding that "suit against the State Bar of Texas, an agency of the state judiciary, is barred by the Eleventh Amendment"). Citing its earlier decision in *Krempp*, the Fifth Circuit has similarly held that the Louisiana State Bar Association is entitled to sovereign immunity. *See Lewis v. La. State B. Ass'n*, 792 F.2d 493, 497–98 (5th Cir. 1986).

In sum, binding Fifth Circuit precedent firmly establishes that mandatory state bars—including, specifically, the Texas State Bar—are arms of the state immune from suit and not subject to § 1983 claims.

### 2.      Alternatively, Washington cannot challenge in this Court the state court's judgment that his rights were not violated.

In the alternative, if this Court determines that the Bar is not a state agency, Washington's claims are barred under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to consider collateral attacks on state court judgments." *Shqeir v. Martin*, CIV.A. 3:97-CV-1887P, 1997 WL 587482, at *3 (N.D. Tex. Sept. 15, 1997). Further, Fifth Circuit precedent has long recognized "that a plaintiff may not seek a reversal of a state court decision by casting a complaint in the form of a civil rights action." *Id.* In *Shqeir v. Martin*, for instance, the district court considered plaintiff's § 1983 claims "an attempt to make an 'end run' around the *Rooker-Feldman* doctrine" with regards to an Order enforcing certain provisions of her divorce decree. *Id.* at *4.

8

At base, Washington's claims complain about the district court's denial of a jury decision as to his sanctions and the presentation of improper evidence to the jury. These issues have already been resolved in state court. The Third Court of Appeals concluded that Washington's jury trial right had not been violated because the Texas Disciplinary Rules "assign the task of imposing sanctions to the trial court, not the jury, in attorney-disciplinary proceedings." *Washington,* 2017 WL 1046260, at *10. The Third Court also concluded that "[g]iven the evidence of support of the jury's verdict" and the low probative value of the improperly submitted evidence, "Washington ha[d] not shown that the jury's consideration of the previous suspension probably caused the rendition of an improper judgment." *Id.* at *7.

Despite the state-court resolution of his claims, Washington reasserts those claims here, cast as violations of his civil rights under § 1983. Like the plaintiff in *Shqeir*, Washington "is seeking a reversal of [the state court's] decision under the guise of a civil rights action in federal district court." *See Shqeir*, 1997 WL 587482, at *4. However, such an "attempt to make an 'end run' around the *Rooker-Feldman* doctrine" is prohibited. *See id.*

Because the *Rooker-Feldman* doctrine deprives federal district courts of "jurisdiction to consider collateral attacks on state court decisions," and Washington's claims have been resolved in state court, this court should dismiss Washington's claims.

**B.    Res judicata deprives this Court of subject matter jurisdiction over Washington's jury trial and fair trial claims.**

Washington's claims under the U.S. and Texas Constitutions that Defendants have violated his right to a jury trial and his right to a fair trial are also barred under the doctrine of res judicata.

"The Supreme Court has held that 'under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (quoting

*Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, (1986)). "To determine the preclusive effect of a state court judgment, federal courts apply the preclusion rules of the state whose court issued the judgment." *Texas v. Am. Tobacco Co.*, 441 F. Supp. 3d 397, 426 (E.D. Tex. 2020) (citing *Shimon*, 565 F.3d at 199). In Texas, a claim is precluded if the Defendant shows: "(1) there was a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them exists between the two actions; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Rodriguez v. Ysleta Indep. Sch. Dist.*, No. EP-05-CV-0112-FM, 2006 WL 1544604, at *4 (W.D. Tex. May 30, 2006), *aff'd,* 217 F. App'x 294 (5th Cir. 2007) (citing *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996)). Privity exists between a party to the action and  people who "control an action although not parties to it [and] those whose interests are represented by a party to the action[.]" *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). "Privity includes those who in law are so connected with a party to the judgment and have such an identity of interest that the party to the judgment represented the same legal right." *Cannon v. Tex. Indep. Bank*, 1 S.W.3d 218, 224 (Tex. App.—Texarkana 1999). And, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in litigation of the same issue between that party and another officer of the government." *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940).

Washington's jury trial and fair trial claims were fully litigated and lost—at trial and on appeal—in state court. *Washington,* 2017 WL 1046260, at *9. As noted above, the Third Court of Appeals held that the Texas Rules of Disciplinary Procedure, which under well-settled Texas law govern the attorney disciplinary process with the force of law, "assign the task of imposing sanctions to the trial court, not the jury, in attorney-disciplinary proceedings." *Id.* at *9–10. In

other words, the court held that Washington did not have the right to a jury decision with regard to his disciplinary sanction. Further, the Third Court of Appeals held that "[g]iven the evidence of support of the jury's verdict" and the low probative value of the improperly submitted evidence, "Washington ha[d] not shown that the jury's consideration of the previous suspension probably caused the rendition of an improper judgment." *Id.* at *7.

In the case before the Third Court of Appeals, Washington raised the jury trial and fair trial claims against the Commission for Lawyer Discipline (CFLD). *Id.* at *1. As a committee of the State Bar of Texas, the CFLD is in privity with the Bar. *See Adkins*, 310 U.S. at 402–03 (finding privity between a commission and an officer of the United States government); *see also Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 649 (S.D. Tex. 2012), *aff'd*, 527 F. App'x 278 (5th Cir. 2013) ("The Fifth Circuit has found that the relationship between a parent company and its wholly owned subsidiary meets the privity requirements for purposes of *res judicata*."); *Butler v. Endeavor Air, Inc.*, 805 F. App'x 274, 277–78 (5th Cir. 2020) (finding privity between a parent airline and its wholly owned subsidiary). Therefore, because Washington's jury trial claim, brought against the same parties and related to the same events described in his Complaint, was previously subject to final judgment in state court, the claim should be dismissed as precluded by res judicata.

## C.    Washington's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Washington asserts an Equal Protection claim under 42 U.S.C. § 1983 and due process claims under both the U.S. and Texas constitutions.[15] He also appears to assert a fair trial claim and a jury trial claim against at least some defendants. The Bar is immune from suits for these

---

[15] Pl.'s Complaint, Dkt. No. 1, ¶¶ 8, 33.

11

claims. Nevertheless, the claims are no more than bare assertions and conclusory statements, and even broadly construed, do not state claims for which relief can be granted.

### 1. The Bar is absolutely immune from suit.

Agency "officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou*, 438 U.S. 478, 515 (1978). The Fifth Circuit has extended *Butz* to state "agency officials in the administrative adjudication process." *Green*, 27 F.3d at 1088. And the Texas Rules of Disciplinary Procedure ("TRDP") further confirm this absolute immunity, providing that "all officers and Directors of the State Bar . . . are immune from suit for any conduct in the course of their official duties. The immunity is absolute and unqualified and extends to all actions at law or in equity." TRDP 17.09. Thus, as a state agency that engages in the administrative adjudication process, the Bar and its Board of Directors enjoy absolute immunity.

### 2. Washington fails to state any cognizable § 1983 claim.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Because vicarious liability is inapplicable in § 1983 suits, the plaintiff must show "that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 663. As the Supreme Court explained, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Washington fails to allege any facts showing that the Bar violated his rights under § 1983.

### a. Washington's Equal Protection claim fails.

Washington's Complaint includes, liberally construed, an Equal Protection claim against unspecified defendant(s) for "a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983."[16] To state a valid Equal Protection claim, the plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals." *Rollerson v. Brazos River Harbor Nav. Dist. of Brazoria Cnty. Tex.*, 6 F.4th 633, 640 n.4 (5th Cir. 2021) (quoting *Crain v. City of Selma*, 952 F.3d 634, 642 (5th Cir. 2020)**Error! Bookmark not defined.**). Thus, an Equal Protection claim "must point to other similarly situated [persons] who were treated differently." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 453 (5th Cir. 2022); *accord Pharm. Buying Ass'n, Inc. v. Sebelius*, 906 F. Supp. 2d 604, 621 (W.D. Tex. 2012) (dismissing Equal Protection claim because "Plaintiffs have wholly failed to allege any actual differential treatment").

Washington's Complaint does not point to any other similarly situated persons who were treated differently than Washington. *See Planned Parenthood*, 24 F.4th at 453. It also does not describe any policy that takes into account the race of any attorney or assert a single fact related to disparate racial or gender treatment. Instead, Washington pleads that he was sanctioned when he failed to attend a hearing on behalf of his client. Washington's conclusory allegation of "a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983"[17] is thus insufficient to allege an Equal Protection claim. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990)

---

[16] Pl.'s Complaint, Dkt. No. 1, ¶ 11.
[17] Pl.'s Complaint, Dkt. No. 1, ¶ 11.

(affirming dismissal of Equal Protection claim based on general and vague allegations of differential treatment).

Because the Complaint asserts "mere conclusory statements" devoid of any "further factual enhancement," Washington has failed to state an Equal Protection claim under § 1983 for which relief should be granted. *See DuVall v. Att'y Gen. of Tex.*, No. A-07-CA-1017-SS, 2008 WL 11453691, \*5 (W.D. Tex. Apr. 15, 2008), *aff'd sub nom. DuVall v. Att'y Gen. Off. of Tex.*, 325 F. App'x 329 (5th Cir. 2009) (dismissing § 1983 claim because plaintiff alleged no facts supporting an accusation of disparate treatment of African Americans).

To the extent Washington intends to assert any other Equal Protection claims, those claims are not adequately pleaded in the Complaint.

### b.  Washington fails to state cognizable due process and fair trial claims.

Washington's Complaint includes a broadly stated claim that "Defendants have violated the Due Process Clauses of both the U.S. and Texas Constitutions by establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations."[18] Washington further pleads that "Defendant Gallagher denied [Washington] a fair trial by denying his request for a jury trial" and that "Defendant DeBerry violated [Washington's] rights to a fair trial by knowingly suborning perjury from two of the [State Bar of Texas's] witnesses[.]"[19] Washington does not appear to assert this claim against the Bar. Regardless, Washington does not allege any facts to support this conclusory statement and thus it fails to raise a valid due process claim. Indeed, Washington does not plead that *the Bar* had any involvement in his trial whatsoever.

_____

[18] Pl.'s Complaint, Dkt. No. 1, ¶ 33.
[19] Dkt. No. 1, ¶¶ 37, 25–26.

To allege a procedural due process claim, a plaintiff must allege that state action has denied him life, liberty, or property. *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012).[20] On the other hand, to assert a claim of a violation of the plaintiff's substantive due process rights by an "individualized executive action," the plaintiff must allege that "the executive action . . . can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quotation marks omitted); s*ee also Cripps v. La. Dep't of Agriculture and Forestry*, 819 F.3d 221, 232–33 (5th Cir. 2016) (applying the shocks-the-conscience standard to a state commission's decision to deny a professional license to the plaintiff). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense[.]" *Lewis*, 523 U.S. at 846 (quotation marks omitted). Both types of due process claims must be adequately alleged against each individual defendant. *Ollie v. City of DeSoto*, 3:22-CV-1261-S-BN, 2022 WL 4389562, at *3 (N.D. Tex. Aug. 30, 2022), report and recommendation adopted, 3:22-CV-1261-S-BN, 2022 WL 4390446 (N.D. Tex. Sept. 22, 2022) (dismissing due process claim because plaintiff did not allege a plausible claim against the seventeen individual defendants).

Washington does not distinguish between procedural and substantive due process in his Complaint but he does not assert a valid claim under either metric. Washington does not allege that he has a property right (or a right of life or liberty) that the Bar's actions denied him. He also does not make specific allegations regarding any of the Bar's processes or procedures. Further, Washington does not characterize any act or omission of the Bar's as arbitrary or conscience-shocking. Indeed, he does not point to any action of the Bar's at all. Because the Complaint does

---

[20] Federal and state due process claims are evaluated in the same manner. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 525 (Tex. 1995).

not allege specific actions of the Bar's that deprived Washington of rights or were so egregious as to shock the conscience, it does not state a valid due process claim. *See Ollie*, 3:22-CV-1261-S-BN, 2022 WL 4389562 at *3; *Sneed v. Ibarra*, No. EP17CV00072PRMATB, 2017 WL 1180965, *5 (W.D. Tex. Mar. 29, 2017) (dismissing due process claim where plaintiff alleged no facts regarding any protected interest, the process employed, what process was due, how the process was deficient, or actions taken by defendants).

While Washington pleads that Defendants "establish[ed]  a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations,"[21] Washington does not plead any facts to support this assertion. Indeed, Washington does not and cannot show that the Bar has any authority to determine or impose disciplinary sanctions on attorneys found guilty for violating the Texas Disciplinary Rules of Professional Conduct or, as Washington describes, any other "alleged acts of misfeasance or malfeasance under the guise of ethical violations."[22] Under the TRDP, when an attorney-respondent elects to have a trial in District Court on the allegations against him, as did Washington, the Court—not the Bar—determines the appropriate sanction. *See* TRDP 2.15, 3.09. Because Washington offers no context or support for his bald assertion that Defendants violated his federal and state due process rights, his due process claims must be dismissed. *See Blue Mint Pharmco, LLC v. Tex. State Bd. of Pharm.*, 4:22-CV-561, 2023 WL 2717265 (S.D. Tex. Mar. 30, 2023) (dismissing procedural due process claim because plaintiff did not provide sufficient factual allegations so support violation of due process rights).

> ### i.      *Washington does not have a right to a jury trial for sanctions.*

---

[21] Pl.'s Complaint, Dkt. No. 1, ¶ 33.
[22] *Id.* ¶ 31.

There is no right under the U.S. Constitution to a jury trial in attorney disciplinary proceedings. *Ex parte Wall*, 107 U.S. 265, 288 (1883); *In re Smith*, 123 F. Supp. 2d 351, 354 (N.D. Tex. 2000), *aff'd*, 275 F.3d 42 (5th Cir. 2001) (attorney not entitled to jury trial in disbarment proceedings); *see also Verner v. State of Colo.*, 533 F. Supp. 1109 (D. Colo. 1982), aff'd, 716 F.2d 1352 (10th Cir. 1983) (rule providing for disciplinary hearing, but no jury trial, for attorney failure to complete continuing education requirements did not violate Sixth Amendment jury trial right). Texas courts have concluded that though Texas Government Code section 81.077 prohibits the abrogation of attorneys' state jury trial right in disbarment actions, that provision extends only to merits determinations. *Washington,* 2017 WL 1046260, at *10; *In re Caballero*, 441 S.W.3d 562, 570 (Tex. App.–El Paso 2014, no pet.). Consequently, the disciplinary rule that expressly provides for the court, not a jury, to determine sanctions does not abrogate attorneys' state jury trial right. *See* TRDP 3.09 ("If the court finds that the Respondent's conduct does constitute Professional Misconduct, *the court shall* determine the appropriate Sanction or Sanctions to be imposed.") (emphasis added); *Washington,* 2017 WL 1046260, at *10. In addition, federal courts have also denied jury trials to attorneys in the sanctions phase of their proceedings. *E.g.*, *In re Smith*, 123 F. Supp. 2d at 354 (striking attorney's jury demand for disbarment determination).

Though Washington does not clearly plead so here, the Third Court of Appeals' opinion makes clear that Washington complains about a violation of his alleged right to a jury trial regarding the sanctions phase of his trial. *Washington,* 2017 WL 1046260, at *3. That is because a jury determined the merits of his case, i.e., whether he violated the Texas Rules of Professional Conduct. *Id.* Nevertheless, Washington does not have a right to have a jury decide his sanctions. *See In re Smith*, 123 F. Supp. 2d at 354. Consequently, Washington has not alleged a violation of his jury trial right.

*ii.* ***Washington's allegations regarding false testimony fail.***

To the extent Washington alleges that he was denied due process due because "Defendant DeBerry . . . knowingly suborn[ed] perjury from two of the [State Bar of Texas's] Witnesses," Washington fails to adequately plead that claim. To pursue a due process claim based on the knowing use or failure to correct false testimony, "the plaintiff must establish that (1) someone testified falsely; (2) the government knew the testimony was false; and (3) the testimony was material." *Colomb v. Grayson*, No. CIV.A. 07-2171, 2013 WL 3213000, at *5 (W.D. La. June 24, 2013). Due process and fair trial claims should be dismissed where the plaintiff provides "nothing more than conclusory, unsubstantiated assertions" that the government had knowledge of the false testimony. *See id.; see also Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019) (dismissing doctor's due process claim regarding his disciplinary proceedings because "[s]pecifics are . . . lacking for the allegations of false testimony; the allegations are generic ones that could be expressed by any litigant who came out on the losing side of a credibility contest"). Likewise, these claims should be dismissed where the plaintiff fails to allege that the testimony was material. *See Gilbert v. U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 306 F. Supp. 3d 776, 787 (D. Md. 2018), *aff'd*, 805 Fed. Appx. 198 (4th Cir. 2020) (unpublished) (plaintiff did not establish a due process claim because he could not show that the allegedly false testimony was material to the court's determination).

Here, Washington has not pleaded that the witness testified falsely. Instead, he pleaded that one of the jurors believed that the individuals who filed a grievance against Washington (*i.e.,*

"Person 1" and "Person 2"),[23] lied under oath and committed perjury.[24] The juror's belief that this occurred does not substantiate that those individuals in fact provided false testimony. Indeed, there are no allegations regarding what the testimony was or how it was false. *See Kaul*, 372 F. Supp. 3d at 254. Further, Washington has not pleaded any allegations to suggest that any defendant knew the testimony was false. Simply asserting that "Galinger knowingly suborned perjury" without any facts to support that alleged knowledge is conclusory and insufficient to state a claim. *See Colomb*, 2013 WL 3213000, at *5. Last, Washington also has not pleaded that the testimony was material. Again, Washington has not pleaded what the allegedly false testimony consisted of. *See Gilbert*, 306 F. Supp. 3d 776 at 787. Beyond that, however, Washington pleaded that "***all of the jurors***" were aware of the testimony and believed the testimony was false.[25] It is hard to see how the false testimony could be material or could have affected Washington's trial at all if all of the jurors believed it was false.

For these reasons, Washington's conclusory due process claims should be dismissed as failing to state claims upon which relief can be granted.

### iii. *Washington does not (and cannot) allege liability based on actions of others.*

Again, Washington has not pleaded any facts specific to the Bar. To the extent that Washington intends to assert that the Bar conspired with Gallagher and DeBerry in denying Washington due process, Washington also has not alleged such a conspiracy. Even if such a conspiracy were alleged, however, it would fail. First, like the Bar, Gallagher and DeBerry are

---

[23] Washington pleads that "Person 1" and "Person 2" were his clients and that Person 2 filed a grievance that led to Washington's professional misconduct trial. Pl.'s Complaint, Dkt. No. 1, ¶¶ 15, 21.

[24] *Id.* ¶ 25.

[25] Pl.'s Complaint, Dkt. No. 1, ¶ 25.

absolutely immune from suit. *See Bradley v. Fisher*, 80 U.S. 335, 351 (1871) (holding that judges of general jurisdiction "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly"); *Green*, 27 F.3d at 1088 (Texas State Bar lawyers whose duties "are analogous to those of public prosecutors" enjoy absolute prosecutorial immunity.) Consequently, Gallagher, DeBerry, and the Bar cannot be liable for engaging in a conspiracy. *See Smith v. City of New Orleans, Dep't of Police*, 1996 WL 39424, at *3 (E.D.La. Jan. 30, 1996) ("The Court has already determined that the underlying acts were protected by absolute immunity; mere allegations that defendants performed those acts in the course of a conspiracy will not be sufficient to avoid absolute immunity."). Thus Washington does not raise a conspiracy claim against the Bar.

## V.
## CONCLUSION

Accordingly, the Bar requests that Washington's claims against it be dismissed with prejudice for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, and that the Court grant it any additional and further relief to which they may be justly entitled.

Dated June 26, 2023                          Respectfully submitted,


**VINSON & ELKINS L.L.P.**

By: */s/ Patrick W. Mizell*
Patrick W. Mizell
State Bar No. 14233980
Federal ID No. 36390
845 Texas Ave., Suite 4700
Houston, TX  77002
T. (713) 758-2932
F. (713) 615-5912
pmizell@velaw.com

Brooke A. Noble
State Bar No. 24110166
Federal ID No. 3421406
Emily S. Bamesberger
State Bar No. 24125107
Federal ID No. 3841474
200 W. 6th St., Suite 2500
Austin, TX 78701
T. (512) 542-8409
F. (512) 236-3234
bnoble@velaw.com
ebamesberger@velaw.com

## CERTIFICATE OF SERVICE

I, Emily S. Bamesberger, hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all parties that have appeared via the Court's ECF/CM system on this 26th day of June 2023.

*/s/ Emily S. Bamesberger*
Emily S. Bamesberger