IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CRAIG A. WASHINGTON, AND OTHER SIMULARLY SITUATED INDIVIDUALS**<br>*Plaintiff*,<br><br>v.<br><br>**THE STATE BAR OF TEXAS; ITS BOARD OF DIRECTORS; THE COMMITTEE ON LAWYER DISCIPLINE; JUDITH DEBERRY; JANE DOE; AND GEORGE GALLAGHER**<br>*Defendants.* | § § § § § § § § § § § § § § § § | Case No. 1:23- CV-0526-JRN |

## JUDGE GEORGE GALLAGHER'S RESPONSE TO MOTION TO SHOW AUTHORITY

TO THE HONORABLE JAMES R. NOWLIN:

NOW COMES Defendant Judge George Gallagher ("Judge Gallagher"), and files this Response in Opposition to Plaintiff's Motion to Show Authority:

### I.    AUTHORITY TO REPRESENT JUDGE GALLAGHER

1. Plaintiff asks this Court to require the undersigned to show authority for the Office of the Attorney General to represent Judge Gallagher in his individual capacity but does not contest that the undersigned may represent Judge Gallagher in his official capacity. (Doc. 14).

2. This argument is, in the words of the Fifth Circuit, "meritless":

    a. "Easley argues that [defendants] were not entitled to representation by the Attorney General because they were sued in their individual capacities. **This argument is meritless**. The Attorney General is empowered to defend officers of a Texas state

institution in a cause of action for deprivation of a constitutional right." *See Easley v. Martin*, 19 F.3d 15; 1994 WL 93415, at *5–6 (5th Cir. Mar.15, 1994) (per curiam) (unpublished) (emphasis added), citing Tex. Civ. Prac. & Rem. Code §§ 104.001 and 104.004.

    b. **"There is no merit to [Plaintiff's] contention that the Texas Attorney General's office was without authority to** enter into a settlement agreement **on behalf of public servant defendants who had been sued in their individual capacities**." *Enriquez v. Estelle*, 427 F. App'x 305, 307 (5th Cir. 2011) (emphasis added).

3. "The attorney general shall defend a public servant or estate listed in Section 104.001 [of the Texas Civil Practice and Remedies Code] in a cause of action covered by this chapter." Tex. Civ. Prac. & Rem. Code § 101.004.

4. This includes "an employee, a member of the governing board, or any other officer of a state agency, institution, or department." Tex. Civ. Prac. & Rem. Code § 101.001(1). Representation is also extended to "the estate of a person listed in this section." Tex. Civ. Prac. & Rem. Code § 101.001(7).

5. Judge Gallagher asks this Court to take judicial notice[1] of the fact that he is the Presiding Judge of the 396th District Court of Tarrant County, Texas, a court which is created by statute. *See* Gov't Code § 24.541.

---

[1] Courts may judicially notice facts that "[are] generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid 201(b). In this case, Judge Gallagher's status is readily determined by the website for the 396th District Court in Tarrant County, Texas, available at https://access.tarrantcounty.com/en/criminal-courts/felony-courts/396th-district-court.html, last checked on August 7, 2023.

6. It is undisputed that Judge Gallagher "is a Texas State District Judge elected in Tarrant County." (Doc. 1, ¶ 7).

7. As such, Judge Gallagher is a state officer, and he and his estate are entitled to representation by the Attorney General.

## II. OBJECTION TO MOTION

8. Judge Gallagher objects to the motion in its entirety not only because it is meritless, but because of the actions of Plaintiff in filing the motion.

9. Plaintiff's counsel did not make any effort to confer with the undersigned. *See* LOCAL RULE CV-7(G).

10. Plaintiff presents no legal authority even remotely discussing the ability of the OAG to represent a state official, including Judge Gallagher, in individual capacity. (Doc. 14). This failure to undertake the most minimal due diligence is a violation of the Federal Rules. *See* FED. R. CIV. P. 11(b). At this time, Judge Gallagher is not seeking sanctions under that Rule, but reserves the right to do so if Plaintiff files additional pleadings with no basis in fact or law to harass or increase the litigation costs and effort of Judge Gallagher.

11. It is unclear why Plaintiff would choose this course of action in light of the fact that this lawsuit arises from a state court litigation in which "the jury found Plaintiff guilty of Professional Misconduct" (Doc. 2, ¶ 4), resulting in a four-year suspension of Plaintiff's law license. *See Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260 (Tex. App.—Austin Mar. 17, 2017, pet. denied.

### III.   CONCLUSION

Judge Gallagher is entitled to representation by the Office of the Attorney General and the undersigned counsel. This Court should dismiss Plaintiff's claims against Judge Gallagher, as was fully briefed in the motion to dismiss.

WHEREFORE, Defendant Judge George Gallagher prays that Plaintiff takes nothing by his suit.

<div style="margin-left: 50%;">

Respectfully submitted,

ANGELA COLMENERO
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division
/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE GEORGE GALLAGHER*

</div>

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge George Gallagher's Response to Motion to Show Authority* was served on the **7th day of August, 2023**, upon all parties who have entered an appearance, using the CM/ECF system.

<div style="text-align:right">

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

</div>