IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CRAIG A. WASHINGTON, AND OTHER SIMULARLY SITUATED INDIVIDUALS**<br>　　*Plaintiff*,<br><br>v.<br><br>**THE STATE BAR OF TEXAS; ITS BOARD OF DIRECTORS; THE COMMITTEE ON LAWYER DISCIPLINE; JUDITH DEBERRY; JANE DOE; AND GEORGE GALLAGHER**<br>　　*Defendants.* | §§§§§§§§§§§§§§§ | Case No. 1:23- CV-0526-JRN |

### JUDGE GEORGE GALLAGHER'S RESPONSE TO MOTION TO STRIKE

TO THE HONORABLE JAMES R. NOWLIN:

NOW COMES Defendant Judge George Gallagher ("Judge Gallagher"), and files this Response in Opposition to Plaintiff's Motion to Strike:

1. Plaintiff filed his Motion to Strike Judge Gallagher's Motion to Dismiss and Advisory to the Court. (Doc. 17).

2. Despite the requirement in the Local Rules, Plaintiff did not confer prior to filing his motion. *See* LOCAL RULE CV-7(G).

3. The court may deny Plaintiff's motion on this basis alone. *Id.*

4. Despite the requirement in the Local Rules, Plaintiff did not provide any legal authority for the relief sought. *See* LOCAL RULE CV-7(C)(1).

5. Plaintiff argues, without basis, that Judge Gallagher cannot be represented in his individual capacity by the undersigned. (Doc. 17).

6. The Fifth Circuit has clearly rejected this argument: "[Plaintiff] argues that [defendants] were not entitled to representation by the Attorney General because they were sued in their individual capacities. **This argument is meritless**." *See Easley v. Martin*, 19 F.3d 15; 1994 WL 93415, at *5–6 (5th Cir. Mar.15, 1994) (per curiam) (unpublished) (emphasis added), citing Tex. CIV. PRAC. & REM. CODE §§ 104.001 and 104.004; *see also Enriquez v. Estelle*, 427 F. App'x 305, 307 (5th Cir. 2011) (emphasis added).

7. This failure to undertake the most minimal due diligence is a violation of the Federal Rules. *See* FED. R. CIV. P. 11(b). At this time, Judge Gallagher is not seeking sanctions under that Rule, but reserves the right to do so if Plaintiff files additional pleadings with no basis in fact or law to harass or increase the litigation costs and effort of Judge Gallagher.

8. It is unclear why Plaintiff would choose this course of action in light of the fact that this lawsuit arises from a state court litigation in which "the jury found Plaintiff guilty of Professional Misconduct" (Doc. 2, ¶ 4), resulting in a four-year suspension of Plaintiff's law license. *See* Washington *v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260 (Tex. App.—Austin Mar. 17, 2017, pet. denied.

Judge Gallagher is entitled to representation by the Office of the Attorney General, and this Court should deny Plaintiff's motion to strike for failure to comply with local rules and failure to provide necessary legal authority supporting its contention.

Respectfully submitted,

ANGELA COLMENERO

Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief, General Litigation Division

RYAN KERCHER
Deputy Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE GEORGE GALLAGHER*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge George Gallagher's Response to Motion to Strike* was served on the **31st day of September, 2023**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General