IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRAIG A. WASHINGTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-526 |
| | § | |
| STATE BAR OF TEXAS, STATE | § | |
| BAR OF TEXAS BOARD OF | § | |
| DIRECTORS, COMMISSION FOR | § | |
| LAWYER DISCIPLINE, | § | |
| JUDITH DEBERRY, TANYA | § | |
| GALINGER, and GEORGE | § | |
| GALLAGER, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS STATE BAR OF TEXAS AND STATE BAR BOARD OF DIRECTORS'
REPLY FOR THEIR MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JAMES NOWLIN:

Defendants the State Bar of Texas and the State Bar Board of Directors (the "Bar") file this

Reply Brief for their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).

Washington filed his Response to the Bar's Motion to Dismiss nearly 10 weeks after the

Bar filed its Motion to Dismiss. That alone is enough to merit the court's dismissal of

Washington's Complaint. Local Rule CV-7(D)(2). Further, even disregarding the untimeliness of

Washington's Response, Washington did not present any legal authority or argument to dispute

the reasons for dismissal in the Bar's Motion to Dismiss.

First, Washington's claims must be dismissed pursuant to Federal Rule of Civil Procedure

12(b)(1) because the Eleventh Amendment bars claims against the Bar, which is a state agency.

1

The Bar thoroughly demonstrated this legal principle in its Motion to Dismiss with citations to state and federal jurisprudence. Washington does not cite any legal authority for his claims that the Bar is not "an Agent of the State of Texas" and that "[i]f Sovereign Immunity existed, it would not inure to the benefit of the State Bar of Texas." Pl.'s Resp. §§ C.1-2.

Second, Washington's jury trial and fair trial claims must be dismissed pursuant to the doctrine of res judicata. Washington's Response offers no rebuttal to the fact that those claims were fully litigated and lost—at trial and on appeal—in state court. *Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *9 (Tex. App.—Austin Mar. 17, 2017, pet. denied).

Third, Washington's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Bar is absolutely immune from damages liability related to the administrative adjudication process. *See Green v. State B. of Tex.*, 27 F.3d 1083, 1088 (5th Cir. 1008); Tex. R. Disciplinary P. 17.09. And, critically, Washington did not plead any facts supporting even the inference of an equal protection, due process, or fair trial claim. To be clear, there are no allegations of discrimination or unfair process against the Bar. Instead, there are only allegations of unfair process directed at the Commission for Lawyer Discipline, two of its employees (defendants DeBerry and Galinger), and Judge George Gallagher—but not the Bar or its Board of Directors.

Accordingly, the Bar requests that Washington's claims against it be dismissed. Jurisdictional barriers prohibit Washington's suit, Washington's claims are unavailable to him under res judicata, and Washington has failed to state a claim for which relief may be granted.

Dated: September 07, 2023           Respectfully submitted,


**VINSON & ELKINS L.L.P.**

By: _/s/ Patrick W. Mizell_
Patrick W. Mizell
State Bar No. 14233980
Federal ID No. 36390
845 Texas Ave., Suite 4700
Houston, TX 77002
T. (713) 758-2932
F. (713) 615-5912
pmizell@velaw.com

Brooke A. Noble
State Bar No. 24110166
Federal ID No. 3421406
Emily S. Bamesberger
State Bar No. 24125107
Federal ID No. 3841474
200 W. 6th St., Suite 2500
Austin, TX 78701
T. (512) 542-8409
F. (512) 236-3234
bnoble@velaw.com
ebamesberger@velaw.com

## CERTIFICATE OF SERVICE

I, Emily Bamesberger, hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all parties that have appeared via the Court's ECF/CM system on this 7th day of September, 2023.

*/s/ Emily S. Bamesberger*
Emily S. Bamesberger