# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CRAIG A. WASHINGTON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00526-JRN** |
| | § | |
| **STATE BAR OF TEXAS; ITS BOARD** | § | |
| **OF DIRECTORS; THE COMMISSION** | § | |
| **ON LAWYER DISCIPLINE; JUDITH** | § | |
| **DEBERRY; TANYA GALINGER; and** | § | |
| **GEORGE GALLAGHER,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Commission for Lawyer Discipline and Tanya Galinger's Motion to Dismiss Plaintiff's Original Complaint, filed June 21, 2023 (Dkt. 7); Defendant Judith DeBerry's Motion to Dismiss Plaintiff's Original Complaint, filed June 26, 2023 (Dkt. 8); Defendants State Bar of Texas and State Bar Board of Directors' Motion to Dismiss, filed June 26, 2023 (Dkt. 9); Defendant Judge George Gallagher's Motion to Dismiss, filed July 7, 2023 (Dkt. 12); Plaintiff Craig A. Washington's Motion to Show Authority and Motion for Submission of Certified Questions to the Texas Supreme Court, filed July 31, 2023 (Dkt. 14); Plaintiff's Motion to Strike Defendant Gallagher's Motion to Dismiss and Advisory to the Court, filed August 30, 2023 (Dkt. 17); Defendant Judge George Gallagher's Expedited Motion to Stay Discovery and Vacate Order for Scheduling Order and Initiating Discovery, filed September 13, 2023 (Dkt. 23); Plaintiff's Motion for Default Judgment against George Gallagher in his Individual Capacity, filed September 15, 2023 (Dkt. 25); and the associated response and reply briefs. The District Court referred to this Magistrate Judge the Expedited Motion to Stay (Dkt. 23) for

disposition and the remaining motions for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 29.

## I. Background

Texas attorney Craig A. Washington brings this lawsuit against the State Bar of Texas ("Texas Bar"), the Board of Directors of the Texas Bar ("Board of Directors"), the Commission on Lawyer Discipline of the Texas Bar ("Commission"), Texas Bar employees Judith DeBerry and Tanya Galinger, and the Honorable George Gallagher, Judge of the 396th District Court in Tarrant County, Texas. Washington asserts federal and state claims based on a state disciplinary proceeding in which he received a four-year suspension from the practice of law.

### A. The Disciplinary Proceeding

In September 2006, Washington filed suit in Texas state court on behalf of Michael Gobert and his minor sister, N.H., to rescind the transfer of their mother's home just before her death. *Washington v. Comm'n for Law. Discipline*, No. 03-15-00083-CV, 2017 WL 1046260, at *1 (Tex. App.—Austin Mar. 17, 2017, pet. denied). The case was set for trial on October 5, 2009, with a pretrial hearing on October 2, 2009. *Id.* Washington also represented another client in a criminal case set for a pretrial hearing and trial on the same dates. *Id.* at *2; Complaint, Dkt. 1 ¶ 15. Washington attended the hearing in the criminal case, but did not attend the civil hearing or ask for a continuance. *Washington*, 2017 WL 1046260, at *2. Because Washington failed to attend the civil hearing, Gobert's case was dismissed for want of prosecution. *Id.* The trial court denied Washington's motion to reinstate the case, and the appellate court affirmed. *In re N.T.H.*, 327 S.W.3d 329, 330 (Tex. App.—El Paso 2010, no pet.). Washington did not inform his clients of the

dismissal, motion for reinstatement, or appeal; instead, they learned of the proceedings in 2012 from public documents on the internet. *Washington*, 2017 WL 1046260, at *2-3.

Gobert filed a complaint with the Texas Bar, and the Commission sued Washington in state district court. *Id.* at *3; *Comm'n for Law. Discipline v. Washington*, No. 29123, 2015 WL 5477868 (335th Dist. Ct., Bastrop County, Tex. Jan. 12, 2015). The Commission alleged that Washington neglected his case, failed to keep his clients reasonably informed, failed to take required steps at the end of his representation, and engaged in dishonest conduct. *Washington*, 2017 WL 1046260, at *3. The Commission was represented by Defendant Judith DeBerry, its Assistant Disciplinary Counsel. Dkt. 8 at 4. Defendant Tanya Galinger, Legal Secretary for the Commission, assisted with the lawsuit. Dkt. 7 at 4. The Honorable George Gallagher, now the presiding judge of the 396th District Court in Tarrant County, heard Washington's disciplinary proceedings by assignment. Dkt. 12 at 5-6.

The case was tried to a jury, which found that Washington violated the Texas Disciplinary Rules of Professional Conduct. *Washington*, 2017 WL 1046260, at *3. Washington asked that the jury decide appropriate sanctions, but Judge Gallagher denied his request and imposed fees and a four-year suspension, with 30 months probated. *Id.* Washington appealed, the appellate court affirmed, and the Supreme Court of Texas denied his petition for review. *Id.* at *1. Washington's probated suspension was revoked after he failed to pay the fee award. *Washington v. Comm'n for Law. Discipline*, No. 03-18-00086-CV, 2019 WL 347997, at *1 (Tex. App.—Austin Jan. 29, 2019, no pet.). The Commission states in its motion to dismiss that Washington was disciplined four other times, which he does not dispute. Dkt. 7 at 2-3. Washington has received three public reprimands and a second partially probated suspension in 2019 for neglect of a client's matter, failing to adequately communicate with a client, and failing to return unearned fees. *Id.*

**B. This Lawsuit**

Washington alleges that Defendants had "a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983 and others." Dkt. 1 ¶ 11. Although he alleges that that the Court has jurisdiction over this matter based on several federal anti-discrimination statutes, he asserts only constitutional claims under Section 1983 and the Texas Constitution. *Id.* ¶¶ 8, 11. Washington alleges that Defendants' actions during his disciplinary proceedings violated his due process rights under the United States and Texas Constitutions "by establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations." *Id.* ¶ 33. Washington also alleges that his rights to a civil trial by jury under the Seventh Amendment and under Article V, Section 10 of the Texas Constitution were violated. *Id.* ¶ 32. He seeks to represent a class of all Black attorneys and all male attorneys who have been "discriminated against by Defendants." *Id.* ¶ 34.

**C. Pending Motions**

All Defendants move to dismiss Washington's claims under Rules 12(b)(1) and 12(b)(6). Dkts. 7-9, 12. Washington has filed three motions related to whether the Texas Attorney General can represent Judge Gallagher in his individual capacity. Dkts. 14, 17, 25. Judge Gallagher moves to stay discovery. Dkt. 23.

## II.    Plaintiff's Motions

Washington argues that the Texas Attorney General cannot represent Judge Gallagher in his individual capacity. Based on this argument, Washington asks the Court to (1) either declare that the Attorney General cannot represent Judge Gallagher or certify the question to the Supreme

Court of Texas (Dkt. 14), (2) strike Judge Gallagher's Motion to Dismiss and Advisory to the Court (Dkt. 17), and (3) enter default judgment against Judge Gallagher (Dkt. 25).

The Attorney General must defend former and current state officials against suits "based on an act or omission by the person in the course and scope of the person's office" whether they are sued in their individual or official capacities. TEX. CIV. PRAC. & REM. CODE §§ 104.001-.002, 104.004. Texas Government Code § 74.141 also requires the Attorney General to "defend a state district judge . . . or an active, retired, or former judge . . . in any action or suit in any court in which the judge is a defendant because of the judge's office or capacity as judge" at the judge's request.

Washington's argument that the Attorney General cannot defend a state official sued in his individual capacity is entirely frivolous. *See Mason v. Wood*, 282 S.W.3d 189, 191-92 (Tex. App.—Beaumont 2009, no pet.) (holding that TEX. CIV. PRAC. & REM. CODE § 104.004 permits the Attorney General to represent state officials in their individual capacities). This Magistrate Judge therefore recommends that the District Court deny Washington's Motion to Show Authority and Motion for Submission of Certified Questions to the Texas Supreme Court (Dkt. 14), Washington's Motion to Strike Defendant Gallagher's Motion to Dismiss and Advisory to the Court (Dkt. 17), and Washington's Motion for Default Judgment against Judge Gallagher (Dkt. 25).

### III.     Rule 12(b)(1) Motions to Dismiss

Federal courts must address challenges to subject matter jurisdiction before reaching the merits of a case, so the Court addresses the Rule 12(b)(1) motions first. *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011). The Texas Bar, Board of Directors, and Commission argue that sovereign immunity prevents this Court from exercising subject matter jurisdiction over Washington's claims against them. Dkts. 7, 9. DeBerry, Galinger, and

Judge Gallagher move to dismiss Washington's claims against them in their official capacities on the same grounds. Dkts. 7-8, 12. Judge Gallagher also moves to dismiss Washington's claims against him in his individual capacity under the *Rooker-Feldman* doctrine. Dkt. 12 at 7-8.

## A.  Rule 12(b)(1) Standard

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the court. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted). Sovereign immunity is a "jurisdictional bar" to suit. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone, (2) the complaint plus undisputed facts evidenced in the record, or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## B.  Claims Against the Texas Bar, Board of Directors, and Commission

Washington alleges no specific facts against the Texas Bar, Board of Directors, or Commission, but he appears to bring a claim under 42 U.S.C. § 1983 against them for violations of his Seventh and Fourteenth Amendment rights and a state due course of law claim under the Texas Constitution. Dkt. 1 ¶¶ 11, 32-33. The Texas Bar, Board of Directors, and Commission assert sovereign immunity under the Eleventh Amendment. Dkt. 9 at 12; Dkt. 7 at 4-5.

Sovereign immunity[1] generally "bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Both the state and "agencies acting under its control" have immunity. *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). Officials and agencies are protected when suits against them "are effectively suits against a state." *Paxton*, 943 F.3d at 997.

The Texas Bar is a state agency and possesses sovereign immunity. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 318 n.12 (5th Cir. 1994) (stating that a Section 1983 suit against the Texas Bar was barred by Eleventh Amendment immunity); TEX. GOV'T CODE § 81.011(a) ("The state bar is a public corporation and an administrative agency of the judicial department."). Both the Board of Directors and the Commission are units of the Texas Bar established by Texas statute. TEX. GOV'T CODE §§ 81.020, 81.076. Because any suit against the Board of Directors or the Commission would effectively be a suit against the Texas Bar, these Defendants also are entitled to sovereign immunity. *See Cantu v. Comm'n for Law. Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at *3 (W.D. Tex. June 1, 2017) (dismissing claims against the Commission as barred by Eleventh Amendment immunity); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087-88 (5th Cir. 1994) (dismissing claims against the Texas Bar's Unauthorized Practice of Law Committee as barred by sovereign immunity). Washington's claims against the Texas Bar, its Board of Directors, and the Commission are barred by sovereign immunity, and his arguments to the contrary are frivolous.

---

[1] Although "sovereign immunity is sometimes described as 'Eleventh Amendment immunity,' 'the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment.'" *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

**C.  Claims Against DeBerry, Galinger, and Judge Gallagher in Their Official Capacities**

Washington asserts claims against DeBerry, Galinger, and Judge Gallagher in their official capacities. He alleges that DeBerry violated his right to a fair trial by "suborning perjury" from two witnesses, that Galinger was aware of perjury, and that Judge Gallagher violated his right to a jury trial. Dkt. 1 ¶¶ 25-26, 36-37. Washington also alleges that Judge Gallagher did not disclose to his counsel at trial that the jury had obtained an exhibit intended only for the court. *Id.* ¶¶ 27-30.

A suit against an employee of a state agency in that employee's official capacity is effectively a suit against the state, and the employee is entitled to the protections of sovereign immunity. *Green*, 27 F.3d at 1087. Texas judges also are "entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

The exception established in *Ex parte Young*, 209 U.S. 123 (1908), permits a suit against state officials in their official capacity if the plaintiff "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted). The *Young* exception only applies if the plaintiff seeks equitable relief, not monetary damages. *J.E. ex rel. Williams v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). Claims for injunctive relief based on a violation of state law instead of federal law "do not get around sovereign immunity." *Harrison v. Young*, 48 F.4th 331, 339 (5th Cir. 2022).

DeBerry and Galinger are employees of the Commission, so they are entitled to sovereign immunity when sued in their official capacities. Judge Gallagher also is entitled to sovereign immunity as a Texas judge. Washington's claims for money damages against DeBerry, Galinger, and Judge Gallagher are barred by sovereign immunity.

Washington also seeks "[a]ll equitable, injunctive and declaratory relief to the extent allowed in law," but he does not specify any equitable relief to which he is entitled. Dkt. 1 ¶ 39. The *Young* exception does not apply because Washington's claim is based on events that occurred nearly a decade ago and he does not allege "an ongoing violation of federal law." *Stewart*, 563 U.S. at 255 (citation omitted). His claims for equitable relief against DeBerry, Galinger, and Judge Gallagher also are barred by sovereign immunity.

**D.  Claims Against Judge Gallagher in His Individual Capacity**

Washington asserts a claim against Judge Gallagher in his individual capacity for denying his request to have sanctions determined by a jury. Dkt. 1 ¶¶ 7, 36. Judge Gallagher argues that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. Dkt. 12 at 7-8. Under that doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). State court errors are "to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke*, 18 F.3d at 317 (footnote omitted).

A state appellate court affirmed the sanctions against Washington, holding that Judge Gallagher did not err in denying his request to have a jury determine his sanctions, and the Supreme Court of Texas denied review. *Washington*, 2017 WL 1046260, at *9-11. Washington challenges the sanctions and asks the Court to review the judgments of the state courts and reject their conclusions. The Court lacks subject matter jurisdiction to do so. Washington's remaining claims against Judge Gallagher in his individual capacity are barred under the *Rooker-Feldman* doctrine.

## IV.     Rule 12(b)(6) Motions to Dismiss

DeBerry and Galinger move to dismiss Washington's claims against them in their individual capacities, asserting qualified immunity. Dkt. 8 at 6-7; Dkt. 7 at 12-13.

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

### B. Federal Claims Against DeBerry and Galinger in Their Individual Capacities

Washington alleges that DeBerry and Galinger violated his right to due process by suborning and permitting perjury and sues them in their individual capacities under 42 U.S.C. § 1983. Dkt. 1 ¶¶ 11, 25-26, 32, 37. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of the Constitution or federal law committed by someone acting under color of state law. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). Qualified immunity protects government officials

10

"from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If a defendant asserts qualified immunity in a motion to dismiss, the court must "carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *M.L. ex rel. Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)). Once the defendant has asserted qualified immunity, the burden shifts to the plaintiff to defeat the defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The plaintiff is required to "plead specific facts . . . that defeat a qualified immunity defense." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020).

Washington alleges that DeBerry "violated [his] rights to a fair trial by knowingly suborning perjury from two of the [Texas Bar's] witnesses." Dkt. 1 ¶ 37. He also alleges that Galinger was aware of perjury during the trial. *Id.* ¶ 25. In Washington's response to the Commission and Galinger's motion to dismiss, he appears to argue that qualified immunity should not apply because it is "activist-Judge-made law and not created by any statutory law." Dkt. 13 at 2. This argument is frivolous. *See Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (rejecting the argument that qualified immunity should not apply because it is "judge-made law").

Washington next argues that DeBerry and Galinger are not protected by immunity because they are not state employees, but he has already acknowledged that they are employees of the Commission, which is a state agency. Dkt. 13 at 1-2; Dkt. 1 ¶¶ 5-6. Washington alleges no specific facts related to DeBerry's conduct, alleging only that an unnamed juror at his trial believed that two witnesses had committed perjury. Dkt. 1 ¶ 25. Washington has not pled enough factual content

for the Court to find it plausible that DeBerry encouraged perjury or committed any misconduct, let alone a constitutional violation. DeBerry is entitled to qualified immunity.

Washington similarly pleads no specific facts as to Galinger's alleged conduct before the jury reached its verdict. He neither alleges that she was aware of the witnesses' testimony before the trial nor describes how their testimony was perjured. His only allegation is that Galinger was informed after the trial that a juror believed two witnesses committed perjury. *Id.* ¶ 25. Washington has not pled sufficient facts for the Court to find it plausible that Galinger violated his clearly established constitutional rights. Galinger also is entitled to qualified immunity. Washington's Section 1983 claims against DeBerry and Galinger are barred.

## C.  State Claims Against DeBerry and Galinger in Their Individual Capacities

Next, Washington alleges that DeBerry and Galinger violated his right to due course of law under the Texas Constitution. *Id.* ¶ 33. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over claims based on state law if it "has dismissed all claims over which it has original jurisdiction." In the Fifth Circuit, the "general rule is to decline the exercise of supplemental jurisdiction when all federal claims are dismissed or eliminated prior to trial." *Sanchez v. Griffis*, 569 F. Supp. 3d 496, 518 (W.D. Tex. 2021), *aff'd* No. 21-51160, 2023 WL 7984732 (5th Cir. Nov. 17, 2023). This rule is "neither mandatory nor absolute." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Once Section 1367(c)(3) has been satisfied, courts still consider the "common law factors of judicial economy, convenience, fairness, and comity." *Heggemeier v. Caldwell County*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011)).

Because this Magistrate Judge recommends dismissal of all Washington's federal claims, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over

his state law claims against DeBerry and Galinger. Judicial economy weighs against exercising jurisdiction because no "significant amount of resources" has been "devoted to the district court's consideration of the Texas state law claims." *Enochs*, 641 F.3d at 159. There is no indication that state court would be less convenient, and it is "certainly fair to have [] the purely Texas state law claims heard in Texas state court." *Id.* at 160. Principles of comity also weigh against exercising jurisdiction because federal courts "often are not as well equipped for determinations of state law as are state courts." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992). The Court recommends that Washington's state law claims be dismissed.

### V.   Judge Gallagher's Motion to Stay

Finally, Judge Gallagher asks the Court to stay all discovery until his motion to dismiss is resolved and to vacate the Order (Dkt. 22) requiring the parties to submit a joint proposed scheduling order. Judge Gallagher argues that he is entitled to "avoid the burden of discovery" because he is immune from Washington's suit. Dkt. 23 at 3. Washington responds that the Court should strike the motion and discovery should not be stayed because the Texas Attorney General cannot represent Judge Gallagher in his individual capacity. Dkt. 26 at 1-2.

Trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) permits a court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is

appropriate, a court must balance the harm caused by the delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Immunity is a "threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). A court "may not permit discovery against [any] immunity-asserting defendants before it rules on their defense." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (holding that discovery was not permitted before a ruling on qualified immunity or a finding that the court cannot rule without limited discovery); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (holding that it was proper for the district court to stay discovery before it ruled on the issues of sovereign, absolute, and qualified immunity).

Judge Gallagher and the other Defendants show that Washington's claims should be dismissed. There is good cause for a stay. The Court grants Judge Gallagher's motion to stay discovery.

## VI.   Order

The Court **GRANTS** Defendant Judge George Gallagher's Expedited Motion to Stay Discovery and Vacate Order for Scheduling Order and Initiating Discovery (Dkt. 23). All discovery in this case is **STAYED** until the District Court rules on this Report and Recommendation and the Order filed September 8, 2023 (Dkt. 22) is **VACATED**.

## VII.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court:

1. **GRANT** Defendants Commission for Lawyer Discipline and Tanya Galinger's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 7), Defendant Judith DeBerry's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 8), Defendants State Bar of Texas and State Bar Board of Directors' Motion to Dismiss (Dkt. 9), and Defendant Judge George Gallagher's Motion to Dismiss (Dkt. 12) and **DISMISS** Plaintiff Craig A. Washington's claims against them; and

2. **DENY** Plaintiff Craig A. Washington's Motion to Show Authority and Motion for Submission of Certified Questions to the Texas Supreme Court (Dkt. 14), Motion to Strike Defendant Gallagher's Motion to Dismiss and Advisory to the Court (Dkt. 17), and Motion for Default Judgment Against George Gallagher in his Individual Capacity (Dkt. 25).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable James R. Nowlin.

## VIII.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 25, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE